**JOE RONE GRAIN COMPANY et al.,**
**Appellants,**

v.

**Buddy McFARLAND, Appellee.**

No. 63.

Court of Civil Appeals of Texas.

Tyler.

July 9, 1964.

E. J. Wohlt, Jr., Dollahon, Wohlt & de Ybarrondo, Houston, for appellants.

W. Harvey Betts, Hempstead, Robert L. Steely, Hill, Brown, Kronzer, Abraham, Watkins & Steely, Houston, for appellee.

SELLERS, Justice.

This is a personal injury case resulting from a collision of a heavy truck and trailer owned by Joe Rone, doing business as Joe Rone Grain Company, and operated by J. C. Vaughn, an employee, on February 4, 1963. This truck collided with a Ford car to which was attached a trailer driven by Buddy Mc-Farland, the appellee herein. The collision occurred on a bridge over the Brazos River on U. S. Highway No. 290.

Several acts of negligence were alleged by the plaintiff, Buddy McFarland, against the driver of the truck, J. C. Vaughn, which acts of negligence were sustained by the

jury. There was a car and trailer in front of the McFarland car which was struck by the Vaughn truck and knocked back into the McFarland car, and the Vaughn truck also hit the car driven by McFarland and caused McFarland to be thrown about in his car in such a way that he received injuries for which he brought this suit.

McFarland further alleged as follows:

"In addition to being negligence violative of the standards of ordinary care the conduct of the Defendant, J. C. Vaughn, on the occasion of the collision made the basis of this suit was so reckless, and heedless, and in disregard of the rights of others as to constitute gross negligence in each and all of the particulars alleged in the foregoing paragraphs. Further, the said J. C. Vaughn was an incompetent driver, and a reckless driver, and his driving record was such that it constituted negligence, and it constituted gross negligence, and it was a conscious indifference to the rights of others on the part of Joe Rone, individually, and doing business as Joe Rone Grain Company, to permit a large, heavy, truck to be entrusted to the said J. C. Vaughn for use upon the public highways of this state, and in this connection it would respectfully be shown unto the Court and jury by evidence offered in the nature of the records of the Department of Public Safety of Austin, pursuant to the Revised Civil Statutes of the State of Texas, that the said J. C. Vaughn has the following driving record, which evidences his incompetency to operate a large, heavy diesel truck upon the public highways of this state, and shows the conscious indifference to the rights of others on the part of the Joe Rone Grain Company in permitting him to operate the truck:

| Date | Offense | Location |
|---|---|---|
| 12–21–60 | Speeding | State of New Mexico |
| 2–26–61 | Speeding | Archer County |
| 4–16–61 | Speeding | State of Oklahoma |
| 4–17–61 | Overweight vehicle | State of Oklahoma |
| 11–06–61 | Overweight vehicle | State of Colorado |
| 12–15–61 | Defective tail light | Jack County |
| 12–19–61 | Speeding | Coryell County |
| 5–04–62 | Ran Red Light | Denison, Texas |
| 4–16–62 | Re-examination requested | Department action |
| 7–28–62 | Speeding | Dickens County |
| 12–15–62 | Motor vehicle accident | Hamilton County |
| 12–15–62 | Passing on right shoulder | Hamilton County |
| 1–18–63 | Speeding | Nolan County |
| 1–05–63 | Re-examination completed | |
| 2–04–63 | Motor vehicle accident | Waller County |

"By reason of such gross negligence and indifference on the part of the said Joe Rone Grain Company, and Joe Rone, exemplary damages in the amount of Two Thousand Five Hundred Dollars ($2,500.00) should be assessed to punish the Defendant against entrusting such vehicles to incompetent drivers, and to warn others not to engage in such conduct, and as an example."

The evidence in support of these allegations was limited by the court to the effect of gross negligence, and the jury found that Joe Rone Grain Company was guilty of gross negligence but refused to allow any damages as a result of such negligence.

The jury found the damage to the plaintiff to be the sum of $22,094; the jury allowed $450 for medical expenses up to the time of the trial, and the sum of $2,100 for future medical expenses. The plaintiff tendered a remittitur of $30 in connection with the medical expense, and the court granted judgment for plaintiff on the verdict of the jury for the sum of $24,615. From this judgment the appellants have duly prosecuted this appeal.

The first assignment of error by appellants complains of the lack of evidence to support the findings of the jury to Issue No. 32, which is the jury's damages in the sum of $22,094; and also that such finding is against the great weight and preponderance of evidence. After a careful review of all the evidence on this issue, both for and against, we have reached the conclusion that this assignment must be overruled.

■ The plaintiff is a 21-year-old man who, according to his evidence, received a severe whiplash and was dazed and carried to a hospital in an ambulance. He remained in the hospital a few hours and then he was carried home. At the time of the trial, he still complained of pain in the neck and back. He was treated a number of times by an orthopedist who has had wide experience and fully qualified in this field of practice. We will not undertake to repeat here this doctor's evidence with regard to his examination of the plaintiff, but deem it sufficient to say that in his opinion this plaintiff's ability to work had been reduced 60%. In this connection, we will say that the doctor who saw this plaintiff shortly after the accident and who testified for the defendant denied that the plaintiff had received such injuries as that testified to by the orthopedist who testified for the plaintiff. The disputed issue in our opinion was for the jury; nor do we feel that the judgment is excessive. Mikell v. LaBeth, Tex.Civ.App., 344 S.W.2d 702.

■ The appellants' next assignment is to the effect that the court erred in refusing to give appellant requested instructions in connection with Special Issue No. 33 which inquired of the jury the amount of the medical expenses of the plaintiff up to the time of the trial. The issue submitted by the court was

"What sum of money, if any, do you find from a preponderance of the evidence to be the reasonable charges for such reasonably necessary medical services, if any, as have been rendered Buddy McFarland from February 4, 1963, to the date of this trial, proximately resulting from the injuries, if any, suffered by him as a proximate result of the occurrence made the basis of this suit?"

and the requested instructions of appellants was

"In connection with Special Issue No. 33, you are instructed that you will not allow as an element of damages charges made by Dr. Solomon D. David for testifying as a witness in this case.

"You are further instructed that in fixing the amount of damages you will not allow as damages any charge that may have been made by Dr. Klanke for services rendered by him in the treating of Buddy McFarland from February 8, 1963, to March 12, 1963."

There was no evidence offered as to any medical expense for Doctor Klanke. The only evidence offered was the charge of Doctor David: $385 and $35 for back brace and neck collar, making a total of $420 for which there was evidence to support. Therefore, the jury's verdict of $450 was excessive to the extent of $30. This amount was remitted by the plaintiff in the trial court; and in our opinion, cured any error in this connection with the issue. Chemical Express v. Calvin Eugene Cole et al., Tex.Civ.App., 342 S.W.2d 773.

■ Appellants complain that there is no evidence in the record to support the jury's finding of $2,100 for future medical expenses. Doctor David, the Orthopedist, testified that in his opinion it would require at

least $150 to $175, more or less, a year for medication and replacing the back brace, if needed. The doctor further testified:

"Q. Doctor, let me ask you, sir, if you can give us your best medical judgment as to any future medical care and treatment that Mr. McFarland will require in the future for this injury, and again for the purpose of this record, I must speak in terms of reasonable medical probability. If you can express your opinion for us, please, sir, in terms of a month, or a year, or whatever your best judgment is with that standard, please tell us sir.

"A. I would estimate it that the medical expenses would be at least a hundred and fifty to a hundred and seventy-five more or less, per year, that is to receive further treatment, and to replace the back brace if needed, and medication, and things like that, that is provided no operation and nothing like that is going to result in the final stage of his recovery."

We do not believe that this evidence is lacking in support of the jury's findings of further medical expenses. In this connection, the doctor does not undertake to say how long the plaintiff would require an expenditure of $150 to $175 per year for medication. He is a young man, with a life expectancy of better than forty years. Nor is his evidence with regard to future operation purely speculation. The doctor is talking about a present condition which may or may not get better; and if not, an operation may be necessary. Wehman v. Kunshik, Tex.Civ. App., 344 S.W.2d 727.

The appellants next complain of the court's action in admitting the issue of gross negligence to be raised by the pleadings and submitted to the jury. The jury found that the defendant, Joe Rone Grain Company, to be guilty of gross negligence but failed or refused to allow any sum in damages against the company. The evi-

dence offered on this issue of Vaughn's reckless driving was limited by the court to the issue of gross negligence. Since the court limited the jury's consideration of this evidence to the issue of gross negligence on the part of J. C. Vaughn and the jury found in favor of Joe Rone Grain Company on the issue of damages, we can see no need to discuss the issue raised by appellants in connection with gross negligence.

We cannot say that the trial court abused its discretion in overruling the defendants' second motion for a continuation. 12 Tex.Jur.2d, Sec. 47, p. 616.

The defendants, in their motion for new trial, complain of certain jury misconduct. No affidavit of any juror was attached to the motion in support of such jury misconduct. For this reason, the trial court sustained the plaintiff's special exceptions to said motion. The trial court's ruling is sustained. Moran Utility Co. v. McHaney, Tex.Civ.App., 325 S.W.2d 712.

The judgment of the trial court is affirmed.