**HERRIN TRANSPORTATION COMPANY,**
**Inc., Appellant,**

v.

**E. A. PURSLEY et al., Appellees.**

**No. 6927.**

Court of Civil Appeals of Texas.

Beaumont.

Feb. 15, 1968.

Rehearing Denied March 6, 1968.

Danny R. Edwards, and Joel B. Mc-Carty, Jr., Houston, for appellant.

Allen, Taylor & Zgourides, Bill Allen, Houston, Flowers & McManus, Channelview, for appellees.

PARKER, Justice.

Based upon a jury verdict, judgment was entered awarding damages to the plaintiffs, E. A. Pursley and wife, Alma Pursley, against Herrin Transportation Company, Inc. in the amount of $23,310.00. This suit is for damages resulting from a truck-automobile collision. Intervenor, Pacific Indemnity Company, recovered $177.00 from the defendant, Herrin Transportation Company, Inc., being the sum paid by

it to plaintiffs covering damages to their automobile. Defendant, Herrin Transportation Company, Inc., has appealed. The parties will be designated as in the trial court. The judgment of the trial court is affirmed.

Defendant has points of error contending there is no evidence or insufficient evidence to support the findings of the jury in answer to Special Issues Nos. 1, 2, 3, 4, 5, 16, and 18. In answer to Special Issue No. 1, the jury found that immediately before the collision made the basis of this suit, the driver, James Ervin Jones, backed the Herrin Transportation truck into the plaintiffs' automobile. In answer to Special Issue No. 2, the jury found the backing of the truck was negligence. In answer to Special Issue No. 3, the jury found that such negligence was a proximate cause of the collision made the basis of this suit. In answer to Special Issue No. 4, the jury found James Ervin Jones failed to keep such a lookout to the rear as would have been kept by a person of ordinary prudence in the exercise of ordinary care, under the same or similar circumstances, which failure, the jury found in answer to Special Issue No. 5 was a proximate cause of the collision made the basis of this suit. Special Issue No. 16 and the jury's answer is as follows:

## SPECIAL ISSUE NO. 16

What sum of money, if any, if paid now in cash do you find from a preponderance of the evidence would fairly and reasonably compensate the Plaintiffs for such damages, if any, as have been sustained in the past and in reasonable probability will be sustained in the future as a proximate result of the injuries, if any, sustained by Mrs. Alma Pursley in the occurrence made the basis of this suit, taking into account the following elements, and none other:

1. Such physical pain, if any, sustained by Mrs. Alma Pursley from the date of such occurrence to the date of this trial as a result of the injuries, if any, sustained by her in the occurrence made the basis of this suit.

2. Such mental anguish, if any, sustained by Mrs. Alma Pursley from the date of such occurrence to the date of this trial as a result of the injuries, if any, sustained by her in the occurrence made the basis of this suit.

3. Such reduced capacity to perform the services of a housewife in and about the home, if any, sustained by Mrs. Alma Pursley from the date of such occurrence to the date of this trial as a result of the injuries, if any, sustained by her in the occurrence made the basis of this suit.

4. Such physical pain, if any, as Mrs. Alma Pursley will in reasonable probability sustain in the future, beyond this date as a result of the injuries, if any, sustained by her in the occurrence made the basis of this suit.

5. Such mental anguish, if any, as Mrs. Alma Pursley will in reasonable probability sustain in the future, beyond this date as a result of the injuries, if any, sustained by her in the occurrence made the basis of this suit.

6. Such reduced capacity to work and earn money outside the home, if any, as Mrs. Alma Pursley will in reasonable probability sustain in the future beyond this date as a result of the injuries, if any, sustained by her in the occurrence made the basis of this suit.

7. Such reduced capacity to perform the services of a housewife in and about the home, if any, as Mrs. Alma Pursley will in reasonable probability sustain in the future beyond this date as a result of the injuries, if any, sustained by her in the occurrence made the basis of this suit.

To which the Jury answered: $20,000.00

Special Issue No. 18 and the jury's answer is as follows:

## SPECIAL ISSUE NO. 18

What sum of money, if any, do you find from a preponderance of the evidence to be the reasonable amount of such charges as the Plaintiffs will in reasonable probability incur in the future beyond this date for and on account of such reasonably necessary treatment of the injuries, if any, sustained by Mrs. Alma Pursley as a result of the collision made the basis of this suit?

To which the Jury answered: $3,000.00

Appellant's truck van unit was approximately 13½ feet high with an overall length of about 50 feet, and was being driven by Jones ahead of the automobile being driven by Mrs. Alma Pursley. Jones turned the truck from a boulevard on to a street about ½ mile from the location of the collision, overrunning the turn. Instead of turning immediately on to the street, he drove the truck through a private drive where Mrs. Pursley, who was following behind, saw the van strike and pull down some wires. No objection to this testimony. The truck immediately swung back onto the street without stopping or reducing its speed. Observing this driving of the truck, Mrs. Pursley remained behind the truck while it proceeded in a northerly direction on this street for about ½ mile to Sarah Lane, the street on which Jones intended to turn. No objection to this testimony. He admitted that he overshot this turn. Mrs. Pursley stopped behind the van, assuming the traffic ahead caused the truck to stop. Immediately, the truck backed into the front of her automobile with no warning whatsoever to her. As a result of the impact, her 19 months old baby, asleep in the front seat, was thrown onto the front floorboard, and she herself was thrown into the steering wheel then back against the seat, with her arm striking the arm rest. The truck driver conceded that he overran his intended turn at Sarah Lane. The city police officer who investigated the collision found that the wheels of the truck left 25 feet of forward track-skids and determined that the backward track marks of 12 feet were made by the wheels of the truck leading to the point of impact with the front of the Pursley automobile. Defendant placed one of its employees, a Mr. Fuller, on the stand and he finally admitted that he did not see the impact, did not know who backed or ran into whom and did not even identify himself as a witness to the investigating officer.

At the time of trial, November 14, 1966, Mrs. Pursley was 41 years of age, with an average remaining life expectancy of 34.73 years. Prior to the accident of October 4, 1963, she was in good health and condition. She had a previous work history which was regular and consistent up to the time of the birth of her last child. By education and experience, she was qualified to do office work. She was last employed by J. W. McDonald as a billing clerk from May of 1958 to September of 1961, being paid $1.50 an hour for 40 hours each week, plus time and one-half for at least an additional four hours every other week. She quit this job because she was expecting her last baby.

She was not working except as a housewife at the time of the collision, having three minor children at home, including her 19 year old son. She had planned to regain employment, testifying: "Our little girl would be in junior high by the time the baby reached nursery school, and I had planned on returning to work by the time I got him old enough to put him in nursery school or kindergarten. Then I could regain employment and help out * * * in putting the children through college and the things we do need."

After the accident, her doctor saw her on 38 separate occasions, entirely on account of injuries she had sustained. He placed her on a regular program of therapy, consisting of diathermy, ultra-sound, muscle

relaxant and pain medication. The painful, affected areas were in the mid-thoracic and lumbar spine, where the doctor objectively found the presence of genuine, involuntary muscle spasm. The latter spasms in these areas were present and found by the doctor more than three years after the injury. He diagnosed her injuries as including an actual tearing of the ligaments and tendons and attachments of the affected joints, accompanied by bleeding. He explained what would occur in the initial stage of such injuries. Taking into account the force and impact to which she was subjected, the doctor expressed a firm opinion that the injuries and resulting effects he diagnosed were caused by the accident in question. In his opinion, considering the persistence of her symptoms for more than three years, the effects of her injuries would not only persist in the future, but would probably get worse as her age increased. He expressly confirmed that this type of injuries do cause pain and would limit her employability outside the home, as well as her performance of work within and outside the home. The doctor gave his opinion, based upon reasonable probability, that the fair and reasonable medical expense in the future for the care of Mrs. Pursley's injuries and resulting effects thereof would be between $100.00 and $250.00 per year, which range was explained on the basis of the rising costs of medical care and in severe symptoms accompanying advancing age. Defendant urges that the doctor admitted that he did not know with absolute certainty every matter on which he expressed his honest opinion. The doctor's opinions as to injuries, disability and pain were confirmed by other witnesses. Mrs. Pursley is even limited in her ability to perform household duties.

 Considering the evidence favorable to the jury's findings, the no evidence points relating to Special Issues Nos. 1, 2, 3, 4, 5, 16 and 18 are overruled. Considering all the evidence and the entire record, the insufficient evidence points relating to the same issues are overruled. The trial court did not err in refusing to order plaintiff to make a remittitur. The damages found by the jury in answer to Special Issues Nos. 16 and 18 were not excessive. Joe Rone Grain Company v. McFarland, 381 S.W.2d 220 (Tex.Civ.App.1964); Mikell v. La Beth, 344 S.W.2d 702, 707 (Tex. Civ.App.1961, writ ref. n. r. e.); Lantex Construction Company v. Lejsal, 315 S.W. 2d 177, 186 (Tex.Civ.App. writ ref. n. r. e.); Port Terminal Railroad Association v. Noland, 288 S.W.2d 276 (Tex.Civ.App.1956, writ ref. n. r. e.).

 Defendant complains of the admission in evidence of the driver's record of James Jones. Defendant contends that the trial court erred in overruling and in not sustaining its motion in limine because the information contained in the driver's record of James Jones was highly prejudicial and had no bearing on the circumstances of this particular accident. In many of defendant's points of error, this contention is added to "no evidence" and "insufficient evidence" points. Plaintiffs pled that the truck driver was acting within the scope of his employment by defendant, Herrin Transportation Company, Inc., on the occasion in question, which collision resulted from the negligence and carelessness of the truck driver, which were the proximate causes of the damages and personal injuries to Mrs. Pursley and her infant son. Plaintiffs also alleged that such collision was proximately caused solely and entirely by the negligence of the corporate defendant and by virtue of its gross negligent entrustment of its truck to its employee for operation on the occasion in question, and by virtue of said employee's gross negligent operation of such truck on the occasion of the occurrence made the basis of this suit, as a result of which gross negligence your plaintiffs are entitled to the recovery of exemplary damages in such amount as the jury deems and finds proper. Defendant's answer contained a general denial, placing in issue the question of whether the truck driver was acting within the scope of his employment, gross neg-

ligence of the driver and gross negligent entrustment of the defendant. The driving record shows Jones began steady and continuous employment with Herrin Transportation Company, Inc. in 1951. In that year, he received a warning letter from the Department of Public Safety and had another motor vehicle accident. He had many moving violations, many of which he testified to. On the driving record, no material period of time elapsed without this truck driver violating moving traffic violations. In 1954, there was an affirmative finding that "he is a habitual violator of the traffic laws." Then many moving violations occurred, and on March, 1961, his driver's commercial operating license was suspended. In May of '61, this suspension was lifted. These violations and suspensions on the part of the driver continued to occur almost to the date of the collision in question. Jones, the driver, testified that Herrin Transportation Company, Inc. knew his driving record while employed by such company. He testified he had received traffic tickets while operating Herrin's vehicles. The trial court had indicated that certain items on the traffic record of the driver were inadmissible. Plaintiffs' attorney then offered the driving record as follows:

MR. ALLEN: Subject to the appropriate exclusions, your Honor, we offer into evidence plaintiff's exhibit number 1.

MR. EDWARDS: Your Honor, I don't think there are any exclusions. It's all in.

THE COURT: All right.

(The instrument marked for identification "plaintiff's exhibit 1" was received in evidence.)

Thereafter, at the close of the trial, it was stipulated Jones was acting in the scope of his employment by Herrin at the time of the collision. Attorneys for defendant did not avail themselves of the opportunity to designate any particular item in the driving record deemed objectional, failed to request any instruction limiting its admissible purposes, failed to present any motion to strike any portion of the driving record. Defendant has waived any right to complain of any alleged inadmissible portions thereof on this appeal. In answer to Special Issue No. 19, the jury found that the entrustment of the truck by Herrin Transportation Company, Inc. to James Ervin Jones for operation by him did not constitute gross negligence. The jury's findings on damages were reasonable. Admitting the driver's record in evidence, if error, was harmless error. Each and all of defendant's points of error are overruled.

The judgment of the trial court is affirmed.