BRAZOS GRAPHICS, INC., et al., Appellants,

v.

ARVIN INDUSTRIES, INC., Appellee.

No. 5920.

Court of Civil Appeals of Texas, Waco.

Nov. 22, 1978.

Rehearing Denied Dec. 7, 1978.

Steven E. Halpin, Hanson, Most, Lerner & Halpin, Ron I. Tashnek, Houston, for appellants.

Osborne J. Dykes, III, Fulbright & Jaworski, Houston, Bill Payne, Lawrence, Thornton, Payne & Watson, Bryan, for appellee.

## OPINION

JAMES, Justice.

This is a products liability case. Plaintiff-Appellant Brazos Graphics, Inc. brought this suit against Defendant-Appellee Arvin Industries, Inc., in which suit Pleas of Intervention were filed by four insurance companies who had paid fire losses under their respective policies.

On January 19, 1976, Plaintiff-Appellant's place of business in Bryan, Texas, was substantially damaged by a fire. Plaintiff-Appellant and Intervenors claimed that a small electric heater manufactured by Arvin was defectively designed and caused the fire.

Trial was had before a jury, and in response to special issues the jury found (or failed to find) as follows:

(1) Failed to find that Arvin's failure to equip the heater with a heat shield around the line cord inside the case rendered the heater defective.

(2) No answer (and none necessary) to the issue inquiring if such defect was a producing cause of the fire in question.

(3) Failed to find that Arvin's failure to clamp the electric cord in such a manner as to avoid crimping or pinching the insulation rendered the heater defective in design.

(4) No answer (and none necessary) to the issue inquiring if such defect was a producing cause of the fire in question.

Special Issues 5, 6, 7, and 8 were all damage issues. No answers were made to these issues, and none were necessary.

Based upon the jury verdict the trial court entered judgment that Plaintiff Brazos Graphics, Inc. and Intervenors take nothing against Defendant Arvin Industries, Inc., from which Plaintiff and Intervenors appeal. We affirm.

Appellants assert five points of error, points one through four complaining of the trial court's admitting into evidence Defendant's Exhibit No. 8 as a business record, while the fifth and final point complains of the trial court's sustaining of Appellee's objection to Appellants' jury argument. We overrule all of Appellants' points and contentions and affirm the trial court's judgment.

Appellants contend the trial court erred in admitting into evidence Defendant's Exhibit 8 as a business record for the asserted reasons that (1) said exhibit is not a memorandum or record of an act, event, or condition but rather is a summary and hearsay; (2) there is no evidence and insufficient evidence that the person who made such exhibit or transmitted information to be included therein had personal knowledge of the act, event or condition to be included therein; (3) there is no evidence and insufficient evidence of the proponent's qualifications as a foundation to the introduction of opinion testimony; and (4) Appellants were denied an opportunity to cross-examine and challenge opinion testimony stated within the exhibit.

Appellants tried this case on a design defect theory. Appellants' experts testified that the Arvin Model 29H10 heater in question was defectively designed because the line cord insulation was exposed to radiant heat, which they say in their opinion caused insulation breakdown and electrical malfunction. Appellants' experts recommended a heat shielding device to remedy this asserted defect in design. Appellants' experts gave this opinion testimony without reference to the actual temperatures existing in the 29H10 heater during operation or the rated capacity of the line cord insulation used.

To counter this opinion evidence, Appellee offered Defendant's Exhibit No. 8, same consisting of 22 pages of the Business Records of Underwriters Laboratories, Inc., Columbus, Indiana, an independent testing laboratory. Said exhibit showed the actual temperatures existing at specific locations in the heater during operation. According to recitations in said exhibit, U.L.'s engineers obtained these temperature figures by actually taking readings from a sample heater having the same design as the heater in question. The readings showed that the heaters' design exposed the line cord insulation to a temperature of 100° Fahrenheit, about 1.4 degrees above normal body temperature, during operation. The rated capacity of the line cord insulation was shown to be 194° Fahrenheit; therefore, the temperature readings shown in the exhibit served as a basis for Appellee's expert testimony to the effect that the insulation temperatures were well within acceptable and safe limits. In this way was Defendant's Exhibit 8 used to answer and rebut Appellants' contention that the heater in question was defectively designed.

As stated, Defendant's Exhibit No. 8 primarily consisted of the United Laboratories, Inc., records of test results. It was filed by Appellee with the Court with over fourteen days' notice to Appellants' counsel as a business record under Article 3737e, Vernon's Texas Civil Statutes. The records were attached to an affidavit by a custodian thereof, under the provisions of Section 5 of said statute, said affidavit being in the form recommended by and set out in Section 7 of Article 3737e.

It is significant that when Appellee offered Defendant's Exhibit 8 into evidence, Appellants objected generally to the exhibit as a whole upon two grounds, to wit, that it was hearsay and irrelevant. Only the hearsay objection has been carried forward on this appeal. Therefore we have the situation where the Appellants did not level objections to specific portions of the exhibit, but instead made a general objection to the exhibit as a whole on the ground that it is hearsay. Now, on appeal by way of their points of error, Appellants make complaints

against specific portions of the exhibit as being inadmissible. Our examination of the exhibit reveals that most of same is admissible since it has been qualified as an exception to the hearsay rule under Article 3737e, commonly called the Business Records Act. Moreover, the exhibit is largely factual in nature. On the other hand, there are portions of the exhibit that would have been properly excluded, had Appellants timely pointed them out to the trial court with specific objections. For example, there are references in the exhibit to previous tests which had been made of this particular model heater by U.L., with no showing of what the previous tests consisted of, or by whom conducted. A matter such as this, as well as others contained in the exhibit, would no doubt have been excluded by the trial court in the face of a specific objection at the time the exhibit was offered in evidence. But no specific objections were made to any portions of the exhibit.

■ It has been held that an objection should not be general, but specific. It must be such as to be understood by the court, and such that it can be obviated by the opposing party, if possible, by other evidence; that a general objection to admission of evidence is insufficient as a basis for appellate review. *Dabney v. Keene* (El Paso CA 1946) 195 S.W.2d 682, 684, NRE; *Loumparoff v. Housing Authority of City of Dallas* (Dallas CA 1953) 261 S.W.2d 224, 228, no writ. Also see *Herrin Transportation Co. v. Pursley* (Beaumont CA 1968) 424 S.W.2d 660, 664, NRE.

In the case at bar, we hold that in view of Appellants having failed to make timely objections to specific portions of the exhibit, that Appellants have waived their objections to such specific portions.

Our Supreme Court, in *Brown and Root, Inc. v. Haddad* (1944) 142 Tex. 624, 180 S.W.2d 339 at page 341, has laid down the rule which we believe governs the case at bar in this language:

"A general objection to evidence as a whole, whether it be oral or documentary, which does not point out specifically the

portion objected to, is properly overruled if any part of it is admissible. (citations)"

The above-quoted rule announced in *Haddad* has been applied to evidence admitted under Article 3737e (business records) in *Eubanks v. Winn* (Houston 14th CA 1971) 469 S.W.2d 292, NRE, and in *Argonaut Southwest Insurance Co. v. Morris* (Austin CA 1967) 420 S.W.2d 760, 776, NRE. For other applications of the *Haddad* rule, see *City of Houston v. Wisnoski* (Houston 14th CA 1970) 460 S.W.2d 488, 491, NRE; *Schriewer v. Liedtke* (Beaumont CA 1978) 561 S.W.2d 584, 588, writ dismissed.

In *Eubanks v. Winn*, supra, at page 296, the Court said:

"In the instant case it was incumbent upon appellants to isolate any portions of the records which were inadmissible or prejudicial and specifically and validly object to such portions of the records. This they did not properly do, and they have waived any correct objections which they may have had to the records."

█ In the case at bar, we are of the opinion that the exhibit in question fell within the purview of Article 3737e, V.T.C.S., and was generally admissible. By Appellants' failure to make specific objections to the portions deemed inadmissible by them, Appellants have waived their objections to same, and the trial court was not in error in overruling Appellants' objection to the exhibit as a whole. Appellants' points one through four, inclusive, are accordingly overruled.

Finally, Appellants complain that the trial court improperly sustained an objection to Appellants' counsel's argument to the jury. The substance of Appellants' argument objected to was that Appellee Arvin had failed to call Underwriters Laboratories, Inc. as a witness. Here is the argument in question by counsel for Appellants:

"They also came in here and said something to the effect that Underwriters Labs. tested this thing. They did. They tested it for about a minute. But if you look very carefully at their report, you'll find that's not even a sworn statement. I didn't see anybody from Underwriters Labs. sit in this chair and get subjected to cross examination by us. You saw what happened to Mr. Standley on cross examination. I ask you why they didn't bring Underwriter Labs. down here personally. Underwriter Labs. would have been favorable to them. Instead of bringing their representative down . . . ."

Counsel for Defendant-Appellee: "Your Honor, I'm going to object to that line of argument. A witness which is available to one party as well as to the other is not proper subject for closing argument."

The Court: "I sustain the objection. *But what you've said, go ahead. I'm not going to instruct them.* A witness is accessible to both parties." (emphasis supplied).

Although the trial court sustained Appellee's objection to the argument, it (the court) allowed Appellants' counsel's argument to stand. Appellants' lawyer got his point across to the jury.

Be that as it may, such argument by Appellants' attorney was improper for this reason: The testimony shows that United Laboratories, Inc. is a non-profit and non-biased corporation whose board of directors is "composed of representatives from the public, from industry, from consumers, from educational institutions and a few senior members of Underwriters Laboratories, Inc. . . . ." There is no evidence tending to show any bias on U.L.'s part toward or in favor of Appellee Arvin, or special relationship between the two, or any control by Arvin over U.L. In other words, the relationship between Arvin and U.L. was in reality an arm's length relationship. Evidence showed that the usual procedure is that U.L. initially tests a representative sample of a particular manufactured product, and then an agent of U.L. reappears at unannounced times to re-test representative units selected at random from the assembly line four times a year.

Our Supreme Court in *Tex-Jersey Oil Corp. v. Beck* (1957) 157 Tex. 541, 305 S.W.2d 162, stated the general rule that counsel may comment in argument on the

failure of the opposite party to call a witness *employed by him,* and then held: "The right to comment on the failure to call and use an employee-witness does not grow out of the unavailability of the witness but out of his relationship with the opposite party." That is to say, if the witness has some relationship to the opposing party, as to cause that witness to tend to favor the opposing party, or to place the opposing party in a better position to obtain material information from that witness, then comment on failure of the opposing party to produce that witness is proper; otherwise, the general rule applies, to wit, that comment on the failure to produce a witness in a civil action is improper if the witness is equally available to both parties. See *Sanders v. St. Paul Fire and Marine Ins. Co.* (Texarkana CA 1968) 429 S.W.2d 516, NRE, for the discussion of this problem at page 522.

In the case at bar, there was no showing of any such special relationship between Appellee Arvin and U.L.; in fact, the evidence affirmatively showed their relationship to be one of arm's length status. This being so, Appellants' counsel's argument on Appellee's failure to call United Laboratories, Inc. as a witness was improper, and the trial court properly sustained the objection to such argument. Appellants' fifth and final point of error is overruled.

Judgment of the trial court is affirmed.

AFFIRMED.