**Paul O. DAVIS, Appellant,**

v.

**SNIDER INDUSTRIES, Appellee.**

No. 8778.

Court of Civil Appeals of Texas, Texarkana.

July 15, 1980.

Rehearing Denied Aug. 12, 1980.

John C. Fisher, Fisher & Patton, Longview, for appellant.

Earl Sharp, Sharp, Ward, Ross, McDaniel & Starr, Longview, for appellee.

RAY, Justice.

This is a personal injury case. Paul O. Davis, appellant (plaintiff), brought suit against appellee (defendant), Snider Industries (Snider), a non–subscriber of worker's compensation insurance, seeking damages for personal injuries allegedly sustained while employed by Snider. Davis alleged that he sustained a hernia and injuries to his lower back while in the process of winding the landing gear on a trailer dolly owned by Snider. In response to special issues, the jury found that Snider was not negligent in failing to maintain the dolly in question or in failing to protect its dollies from damage. The jury did, however, find that Snider was negligent in failing to inspect its dollies to detect any defects, but the jury failed to find that such negligence was a proximate cause of Davis' injuries. Based upon the jury findings, the trial court entered a take nothing judgment from which Appellant Davis has perfected his appeal. Appellant submits seven points of error for our consideration. .

Appellant's points of error can be summarized as follows:

1. The trial court erred in refusing to admit the deposition testimony of Bill and Judith Moon, former employees of Snider Industries;

2. That the court erred in its construction of Article 3737g, Tex.Rev.Civ.Stat. Ann., by excluding from the jury's consideration those medical bills incurred by Davis that had been prepaid by Snider Industries;

3. That the court erred in admitting the log records on trailer No. 56 (the trailer in question);

4. That the jury's failure to find proximate cause was against the great weight and preponderance of the evidence;

5. That the jury's failure to find negligence regarding Snider's maintenance and protection of the dollies was against the great weight and preponderance of the evidence; and,

6. That the court erred in allowing the cross–examination deposition testimony of Jack Thornberg to be read in full to the jury in violation of appellant's motion in limine.

Snider Industries operates a lumber mill in Marshall, Texas. Davis was employed by Snider as a truck driver whose duty it was to haul wood chips to paper mills in Louisiana and Oklahoma.

It is undisputed that on or about April 8, 1977, Davis sustained personal injuries while manually winding the landing gear of a particular trailer dolly used by Snider in its business. There was testimony from several witnesses, including other employees of Snider, that some of the trailer dollies were bent; that the ground on which the trailers sat was often muddy, causing them to sink into the ground and bend the dollies; that when the dollies were bent the trailers' landing gears were difficult to manually wind; and that the drivers at times received assistance in turning the gears.

■ There was extensive and conflicting testimony given concerning the amount and quality of the repair work performed by Snider on the trailers. However, a review of the evidence supports the jury's conclusion that Snider was not negligent in failing to maintain the dolly in question and was not negligent in failing to protect its dollies from damage.

## THE DEPOSITION TESTIMONY OF BILL AND JUDITH MOON

■ The appellant complains of the trial court's failure to admit into evidence the deposition testimony of Bill and Judith Moon. Bill Moon was a former truck driver for Snider Industries. Moon's deposition shows that he had sustained an injury while working at Snider's mill and subsequently left the company in August of 1976. However, there is nothing in the deposition to show how Moon was injured or the type of injury he suffered. Further, there was no similarity established concerning the circumstances of Moon's injury and the injury sustained by Davis.

Bill Moon's deposition clearly reveals that his knowledge of appellant's injury is based

on hearsay, and therefore inadmissible and of no probative value.

Judith Moon started working for Snider after the injury to Paul Davis and thus she had no personal knowledge of appellant's injury nor did she know the condition of the trailer or dolly involved.

■ Appellant contends that the Moons' deposition testimony was relevant and admissible as to the following matters:

(1) To show the general conditions of the Snider's loading yard and trailers as being in a state of disrepair;

(2) To show notice of these conditions on the part of the appellee;

(3) To show that Bill Moon had suffered an injury in an accident similar to the Davis accident; and,

(4) As impeachment testimony of the appellee's witnesses.

The deposition testimony of both Bill and Judith Moon concerning the general conditions of the loading yard was, at best, cumulative. A careful review of the entire statement of facts reveals that several witnesses, even those testifying for Snider Industries, stated that the yard was often muddy; that this would cause the trailers to sink into the mud and thus make winding the landing gears a much more difficult task. The Moons' depositions constituted cumulative evidence on this issue. The general rule is that the trial court, in the exercise of its discretion, may limit the amount of evidence admitted on a particular issue, and exclusion of evidence as cumulative does not constitute reversible error in the absence of an abuse of discretion. *Whitener v. Traders and General Ins. Co.*, 155 Tex. 461, 289 S.W.2d 233 (1956); Tex.R.Civ.P. 434. See also *Brazos Graphics, Inc. v. Arvin Industries*, 574 S.W.2d 240 (Tex.Civ.App. Waco), *writ ref'd n. r. e. per curiam*, 586 S.W.2d 841 (Tex.1979).

■ Appellant also contends that Bill Moon's deposition was relevant and admissible as probative evidence of a similar accident or event. As a general rule, evidence of similar acts of negligence is inadmissible

on the issue of whether someone was negligent in doing or not doing a particular act. *Missouri K. & T. Ry. Co. v. Johnson*, 92 Tex. 380, 48 S.W. 568 (1898); *Dallas Ry. & Terminal Co. v. Farnsworth*, 148 Tex. 584, 227 S.W.2d 1017 (1950). An exception to the rule exists where a proper predicate has been established showing that the unrelated accident occurred at the same place or through the use of the same instrumentality and under substantially similar conditions. Once the predicate has been laid, such evidence is admissible to show the existence of a dangerous or defective condition and notice of such condition on the part of the defendant. *Dallas Ry. & Terminal Co. v. Farnsworth*, supra; *Henry v. Mrs. Baird's Bakeries, Inc.*, 475 S.W.2d 288 (Tex. Civ.App. Fort Worth 1971, writ ref'd n. r. e.); 2 Ray, Texas Evidence § 1525 (3rd ed. 1980). See also *Missouri Pacific Ry. Co. v. Cooper*, 563 S.W.2d 233 (Tex.1978).

■ Bill Moon's deposition merely shows that he sustained an injury while working for Snider Industries in August of 1975. In no way does the deposition show that Bill Moon's injury was substantially similar to the one suffered by the appellant. The required predicate was not laid for the introduction of the Moon deposition and thus, the trial court properly excluded the deposition testimony of Bill Moon. *Dallas Ry. & Terminal Co. v. Farnsworth*, supra.

■ Appellant also contends that the Moons' depositions were admissible to impeach the testimony of Ronnie Snider, president of Snider Industries, and other emloyees of the appellee who testified that Snider Industries kept its trailers in good repair and its loading yard in good condition. Since there was extensive testimony concerning the condition of both the trailers and the loading yard itself, the Moons' depositions would have only been cumulative evidence on these issues, and therefore, the exclusion of the Moons' testimony would not constitute reversible error. *Whitener v. Traders and General Ins. Co.*, supra; Tex.R. Civ.P. 434.

## EXCLUSION OF ADVANCE PAYMENTS UNDER ARTICLE 3737g, TEX.REV. CIV.STAT.ANN.

Appellant argues that the trial court erred in excluding from the jury's consideration the amount of certain medical bills incurred by the appellant that had been previously paid by the appellee.

Article 3737g concerns the making of "advance payments" to tort claimants. The expressed intent of the statute is to promote the making of advance payments for economic loss to claimants without permitting the introduction of evidence of advance payments on the issue of liability or damages during subsequent litigation. Section 3 of Article 3737g provides the following:

"In any civil action in which a party or someone [in] his behalf, such as his insurer, has made an advance payment prior to trial, any evidence of or concerning the advance payment shall be inadmissible at the trial on liability or damages in any action brought by the claimant, . .".

Appellant contends that the court wrongfully excluded evidence of medical bills totaling approximately $2,134.00 which were incurred as a result of his injury. These bills had been paid prior to trial by appellee. Appellant does not contend that the bills were admissible to show who paid these expenses. Davis was willing to scratch or black out any notation on the bills referring to Snider Industries or Snider's insurance carrier. After the scratching out had been done, appellant contends the bills were admissible to show that he incurred such expenses to impress upon the jury the extent and severity of his damages.

■ The plain meaning of the statute is simple. Evidence of *advance payments* is inadmissible at the trial if the evidence relates to liability or damages and the evidence is sought to be introduced before the jury has returned its verdict or a decision has been made by the court. Article 3737g, §§ 3 and 4. However, the statute does not preclude the claimant from proving the total amount of his medical bills when he has shown them to be reasonable and necessary.

When the medical bills are introduced at the trial, all references to the fact that they have been paid by the defendant or its insurance carrier, must be totally eliminated prior to the offering of the bills as exhibits. To say that the bills cannot be offered at all might lead to an incorrect judgment in which the damages have been reduced pursuant to § 4 of Article 3737g without the jury or trier of fact knowing the total medical expense. Article 3737g, § 4, provides that a jury verdict or a decision of the court for damages in favor of the claimant can be reduced by the introduction of evidence of advance payments made prior to trial, when such evidence is introduced after the verdict or decision and before the final judgment. The trier of fact would have to know the total amount of the medical bills in order to assess the proper damages and then those damages could be reduced after verdict or decision when the defendant introduces evidence of advance payments.

■ Since the jury found that the failure of appellee to inspect the dollies for defects was not a proximate cause of appellant's injuries, the trial court's failure to admit the medical bills for the limited purpose of showing that they were expenses incurred by appellant, was at most, harmless error. The excluded medical bills were of no probative value regarding the causation issue, but were only material as to the damage issue.

## ADMITTING THE LOG RECORDS ON TRAILER NO. 56

■ Appellant complains that the trial court erred in admitting certain log or trip ticket records of the trailer which Davis claimed he was working on when he was injured. Davis asserts that Snider failed to produce these records pursuant to his motion to compel production of documents. The motion sought to discover all the repair records, invoices, payroll records and minutes of safety meetings of Snider Industries, but failed to request the log or trip tickets. The log or trip tickets are business

records filled out by the drivers of Snider trucks after the drivers have hauled a load of wood chips. On the tickets are spaces in which the drivers can record any problem they have encountered with a particular trailer.

In the instant case, there was no hearing or order entered in regard to the motion for production. There is no error from which the appellant may complain. Additionally, the log tickets did not come within the list of business records requested.

### NEGLIGENCE ISSUES AND PROXIMATE CAUSE

Appellant also raises insufficient evidence points concerning the jury's failure to find negligence in Snider's maintenance and protection of its dollies; and, also of the jury's failure to find that Snider's negligent inspection of the dollies was a proximate cause of the appellant's injuries.

When the complaining party on appeal had the burden of proof in the trial court, he must show on appeal that he proved the facts as a matter of law, or that the evidence was so overwhelming in his favor that the jury's verdict was manifestly wrong in order for him to prevail on appeal. O'Connor, *Appealing Jury Findings*, 12 Hous.L.Rev. 65 (1974); O'Connor, *Evidence Points On Appeal*, 37 Tex.B.J. 839 (1974). See also *Royal v. Cameron*, 382 S.W.2d 335 (Tex.Civ.App. Tyler 1964, writ ref'd n. r. e.). The record does not show that appellant proved his case as a matter of law. Neither is the evidence so overwhelmingly in his favor as to cause this court to overturn the jury verdict. It is the province of the jury to determine the credibility of the witnesses and the weight to be given their testimony and an appellate court does not have authority to substitute its judgment for that of a jury on disputed issues of fact. *Biggers v. Continental Bus System*, 157 Tex. 351, 303 S.W.2d 359 (1957); *Great American Insurance Company v. Murray*, 437 S.W.2d 264 (Tex.1969); *Smith v. State*, 523 S.W.2d 1 (Tex.Civ.App. Corpus Christi 1975, writ ref'd n. r. e.); *Morsch v. Metzer*, 520 S.W.2d 564 (Tex.Civ.App. Corpus Christi 1975, writ ref'd n. r. e.); *Royal v. Cameron*, supra. The appellant had the burden of persuasion and jury apparently did not believe his testimony.

### DEPOSITION TESTIMONY OF JACK THORNBERG

Appellant complains of the lower court's admission into evidence of the cross–examination deposition testimony of Jack Thornberg, an employee of Snider Industries. Davis argues that Thornberg's cross–examination testimony was a direct attempt to show contributory negligence on the part of the appellant. An employer who fails to subscribe to the worker's compensation insurance loses his common law defenses. Article 8306, § 4, Tex.Rev.Civ. Stat.Ann.

This point is without merit. A review of Thornberg's cross–examination reveals that his testimony was directed toward establishing the standard of care that Snider Industries exercised in attempting to provide a safe work place and not to show that appellant was contributorily negligent.

Appellant's points of error are overruled. The judgment of the trial court is affirmed.