John G. WINKELMANN, Appellant,

v.

BATTLE ISLAND RANCH, et al., Appellee.

No. B14–82–083CV.

Court of Appeals of Texas, Houston (14th Dist.).

April 14, 1983.

Wiley Thomas, Angleton, Kenneth Tekell, Tekell, Book & Matthews, Houston, for appellant.

James Edward Maloney, Baker & Botts, Houston, for appellee.

Before PAUL PRESSLER, ROBERTSON and CANNON, JJ.

PAUL PRESSLER, Justice.

Appellant appeals his failure to recover damages for injuries he sustained in a collision between two horses during a trail drive.

On November 25, 1978, appellant, appellees, John G. Phillips, Jr., and Don Holt, and several others were participating in a cattle drive. The cattle, which were owned by various members of the Phillips family, were being driven from Battle Island Ranch near West Columbia, to the Brazoria National Wildlife refuge. On the second day of the drive, a train blocked the passage of the cattle into the Jamison pasture. The cattle were held in another pasture until the train passed. When the train cleared the crossing Holt proceeded into the Jamison pasture to move the cattle already in the pasture out of the way of the Battle Island herd. Phillips then began moving the Battle Island herd across the road and into the Jamison pasture. A few of the cows from Battle Island Ranch attempted to leave the main herd and approach the Jamison herd which Holt was moving. Phillips ordered his men to keep the Battle Island cattle moving. Holt unsuccessfully attempted to turn one cow back toward the Battle Island herd and went after a second cow. At that time appellant entered the pasture and began rounding up the straying cattle. Holt testified that he was riding on the right side of and parallel to a cow when he "caught a glimpse" of appellant approaching from the left. The cow, caught between the two horses, "balked" and turned to the right behind Holt's horse. Holt looked to the right for the cow and tried to slow his horse to turn. At that moment appellant's horse crossed in front of Holt. Holt's horse hit appellant's horse behind the saddle. Both men were knocked to the ground and appellant was injured. Appellant testified that he had just returned a cow to the Battle Island herd and that he and his horse were resting. He stated he was "dead still" when he saw Holt chasing cows and heading for him. Appellant said that he felt his horse move out from under him and he "started heading for the ground."

Appellant filed suit against Holt, John G. Phillips, Jr., and Battle Island Ranch. John G. Phillips, Jr., filed a third-party action for contribution and indemnity against John G. Phillips, III. The case was tried to a jury.

At the trial, the court granted appellees' motion in limine and refused to allow into evidence testimony and a video tape concerning a 1976 stampede through the downtown streets of Goliad in which John G. Phillips, Jr., was injured. The case was submitted to the jury on special issues with instructions. In answer to Special Issues the jury found Phillips negligent in "instructing the cowboys what to do" but found that such negligence was not a proximate cause of the occurrence in question. They found that Holt was not negligent and that appellant was contributorily negligent in "his look out" and that this was a proximate cause of the occurrence in question. A take nothing judgment was entered and appellant appealed.

■ Appellant brings four points of error. In his first two points, he contends that the trial court erred in refusing to admit evidence of the 1976 trail ride accident. Appellant argues that both oral testimony and a film depicting the prior accident should have been admitted on cross-examination, to show that Phillips "had actual notice that the instrumentality of trail driving cattle in this modern age is a dangerous one," and to rebut expert testimony regarding the safety of a cattle drive. We disagree.

■ Appellant was attempting to show that transporting cattle by cattle drive was dangerous, that Phillips had knowledge of this danger and that Phillips was negligent in transporting cattle in this manner. Evidence of similar acts of negligence is generally inadmissible in determining whether a person was negligent in doing or not doing a particular act. *Dallas Ry. and Terminal Company v. Farnsworth*, 148 Tex. 584, 227 S.W.2d 1017 (1950). Such evidence may be admitted to show the existence of a dangerous or defective condition or notice of such condition. In some cases it may be admitted in rebuttal of the defendant's evidence when the unrelated accident 1) occured at the same place or 2) through the use of the same instrumentality and 3) under substantially similar conditions. *Missouri-Kansas-*

*Texas Railroad Co. v. Crouch,* 273 S.W.2d 466 (Tex.Civ.App.—Fort Worth 1954, no writ); *Davis v. Snider Industries,* 604 S.W.2d 341 (Tex.Civ.App.—Texarkana 1980, writ ref'd n.r.e.).

The accident in question occurred 1) in a pasture 2) while rounding up straying cattle when 3) two horses 4) collided 5) causing the riders of those horses to be knocked to the ground. In the testimony and film which appellant sought to introduce the injury occurred when longhorn steers were being 1) herded through downtown streets 2) during a parade 3) when Phillips' horse slipped 4) on a paved surface 5) while trying to avoid a stampede. The prior accident did not occur in the same place or under substantially similar conditions as the occurrence in question. The only similarity between the two events is that each occurred while working with cattle and that Phillips was present in each incident. This is not sufficient to bring the evidence within the exception delineated in *Farnsworth, supra.* The evidence, therefore, was properly excluded. Appellant's first two points of error are overruled.

In his third and fourth points, appellant contends the trial court erred in submitting Special Issue three because the issue, as worded, constituted an impermissible comment on the weight of the evidence and assumed the existence of disputed material facts. Special Issue three asked:

> On the occasion in question was John Winkleman negligent in (1) his lookout (2) approaching the left side of the cow which Don Holt was herding; (3) control of his horse; (4) riding his horse in front of Don Holt or (5) riding his horse too fast?

.  .  .  .  .

The jury found that appellant was negligent in "his lookout" but that he was not negligent in any of the other particulars. Appellant contends subparts two, four and five assumed material facts in dispute, constituted a comment on the weight of the evidence, and that the entire issue was tainted by this alleged comment on these facts. Appellees argue that any error which might have been committed by the trial court in submitting special issue three was harmless. We agree. The jury found no primary negligence on the part of the appellees. Any error in the manner of submitting the contributory negligence issue, therefore, becomes harmless and is not a ground for reversal under Tex.R.Civ.P. 434. *Sell v. C.B. Smith Volkswagon, Inc.,* 611 S.W.2d 897 (Tex.Civ.App.—Houston [14th Dist.] 1981, writ ref'd n.r.e.); *Sendejar v. Alice Physicians & Surgeon's Hospital, Inc.,* 555 S.W.2d 879, 885–86 (Tex.Civ.App.—Tyler 1977, writ ref'd n.r.e.). Additionally, the subparts of special issue three of which appellant complains were all answered favorably to appellant. Appellant cannot complain of issues answered favorably to him. *Billingsley v. Southern Pacific Company,* 400 S.W.2d 789, 796 (Tex.Civ.App.—Tyler 1966, writ ref'd n.r.e.); *Carsner v. Welex Company,* 394 S.W.2d 531, 532 (Tex. Civ.App.—Waco 1965, writ dism'd). Appellant's third and fourth points of error are overruled.

The judgment of the trial court is affirmed.