Charles Michael SHARPE, et al., Appellants,

v.

SAFWAY SCAFFOLDS COMPANY OF HOUSTON, INC., Appellee.

No. A14–84–079CV.

Court of Appeals of Texas, Houston (14th Dist.).

Jan. 10, 1985.

Rehearing Denied Feb. 7, 1985.

John H. Holloway, Houston, for appellants.

Marc A. Sheiness, Hirch, Glover, Robinson & Sheiness, Willard Tinsley, Tinsley, Barrelli & Tessmer, B. Lee Ware, Jr., W. Mac Gann, Gann, Fried & Edwards, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and CANNON and DRAUGHN, JJ.

OPINION

J. CURTISS BROWN, Chief Justice.

This is an appeal from a judgment that Charles Michael Sharpe (Appellant, plaintiff, or Sharpe) take nothing in a personal injury suit. Appellant attacks the legal and factual sufficiency of the evidence to support the jury's responses to the special issues, alleges the trial court allowed improper cross-examination of a witness, argues there was an improper submission of special issues, and contends the trial court erred in failing to grant a mistrial due to conduct by the jury. We affirm.

Appellant was an apprentice electrician who was injured when the movable scaffolding he was working upon turned over. The scaffolding turned over while Appellant and his helper were moving it by pulling, from the top of the scaffolding, the rafters of the ceiling. Sharpe brought suit against Safway Scaffolds Company of Houston, Inc. (Safway or appellee) and Fairbanks Company (Fairbanks). Appellee leased the scaffolding to Appellant's employer, and Fairbanks was the manufacturer of the wheels on the movable scaffolding. Appellee brought a third party action for contribution or indemnity against Safway Steel Products, the manufacturer of the scaffolding. Before trial, Appellant settled with Fairbanks and Safway Steel Products.

The jury failed to find that the scaffolding as it was being used was defective or that the rental of the equipment as a movable scaffold without warning rendered the equipment defective. The jury also found that Appellant's negligence was the proximate cause of the accident and that "0" was the amount of damages suffered by Sharpe. Appellant moved for a mistrial due to a note sent by the jury during deliberations. The motion for mistrial was denied.

Appellant raises sixteen points of error. In the first point of error, he argues that as a matter of law the evidence established that the scaffolding was defective. In point of error two, Sharpe claims that the great weight and preponderance of the evidence established that the scaffolding was defective.

Appellant had the burden of proof on the issue of whether the scaffolding was defective. The failure of the jury to find a fact, upon which the proponent has the burden of proof, need not be supported by affirmative evidence. *Traylor v. Goulding*, 497 S.W.2d 944 (Tex.1973); *Payne v. Snyder*, 661 S.W.2d 134 (Tex.App.—Amarillo 1983, writ ref'd n.r.e.); *Walters v. Wright*, 649 S.W.2d 649 (Tex.App.—Texarkana 1982, writ ref'd n.r.e.). In reviewing point of error one, this court must consider all of the evidence, and if Appellant established conclusively and as a matter of law that the scaffold was defective, the point will be sustained. If there is some competent evidence in the record which precludes the finding that the evidence conclusively established that the scaffolding was defective, the first point of error must be overruled. *Payne v. Snyder*, 661 S.W.2d at 144; O'Connor, *Evidence Points on Appeal*, 37 Tex.B.J. 839 (1974); Calvert, *"No Evidence" and "Insufficient Evidence" Points of Error*, 38 Texas L.Rev. 361 (1960). Looking at the entire record, we cannot say that Appellant conclusively established that the scaffolding was defective. The testimony from Appellee's witnesses directly contradicted Appellant's evidence. In view of the conflicting evidence, it cannot be said that Appellant established as a matter of law that the movable scaffolding was defective. Point of error one is overruled.

In reviewing the second point of error, this court must review all of the evidence in the record to determine if the jury's failure to find that the movable scaffolding was defective was so against the great weight and preponderance of the evidence so as to be unjust. *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (1951); *Southwestern Bell Telephone Co.*

*v. Baker,* 650 S.W.2d 467 (Tex.App.—Houston [14th Dist.] 1983, writ ref'd n.r.e.).

■ Appellant's expert witness, Norman Sachnik, testified that he had tested a movable scaffolding and concluded that it was a dangerous device which was unreasonably dangerous for its intended use. Sachnik concluded that the scaffolding tipped over due to the wheels rotating sideways and acting as a brake. Sachnik believed that the only act of the employees that contributed to the accident was that the employees put the movable scaffolding into motion. Appellant introduced into evidence a video tape which detailed Sachnik's tests. Sachnik also testified that another possible cause of the accident was that one of the support braces on the scaffolding came loose and caused the scaffolding to become unstable. Appellant and *Leslie Moriarity,* Appellant's helper at the time of the accident, testified as to their conduct before the accident and the condition of the scaffolding and general work area.

Appellee introduced expert testimony of Kornel Nagy. Nagy also conducted tests on a similar movable scaffolding. Nagy concluded that the most likely cause of the accident was that the employees were pulling the scaffolding along from the rafters of the building and that the wheels or a wheel hit a piece of debris on the floor. There was some evidence of debris in the area at the time of the accident. Appellee also introduced evidence which contested some of the methods used by Sachnik in his tests. There were disputes over whether the scaffolding tested by Sachnik was of the same height as the one involved in the accident, whether the amount of weight on the top of the scaffolding was accurate, and whether the means Sachnik used to pull the scaffolding in his tests contributed to the tipping over of the scaffolding. William Gilbreath, an employee of Appellee, testified that the scaffolding can turn over but disagreed with Sachnik's theory of what caused the accident. Gilbreath testified that Appellee was unaware that workers were moving the scaffolding by pulling it from the rafters instead of pushing it from the ground.

In view of the conflicting testimony, a fact issue was created for the jury. Appellant has failed to show that the jury's failure to find that the movable scaffolding was defective was against the great weight and preponderance of the evidence. Point of error two is overruled.

■ In point of error three, Sharpe argues that the uncontroverted evidence established as a matter of law that the scaffolding was defective due to the lack of adequate warnings. The fourth point of error is that the great weight and preponderance of the evidence established that the renting of the scaffolding without adequate warnings as to its inherent dangers rendered the equipment defective. Again Appellant had the burden of proof on this issue. The evidence on this issue was also conflicting.

Safway introduced testimony which raised the issue of whether any further warning was necessary. There was also evidence of the actions by Appellee to give warnings to its customers. However, Appellee did not claim that Appellant was actually told not to ride the scaffolding while it was being moved. We cannot agree that the Appellant has shown that the uncontroverted evidence established as a matter of law that the scaffolding was defective due to the lack of adequate warnings. Point of error three is overruled.

■ Sachnik testified that based upon the inherent dangers of the movable scaffolding and the fact that ordinary persons might not be aware of the risk involved, a specific warning was required. Appellant introduced evidence of various warnings that would have given notice of the risks involved and the practicality of those warnings.

Safway disputed whether any further warnings were required. Gilbreath testified that Appellee was unaware of the method Appellant used to move the scaffolding. Gilbreath detailed Appellee's efforts to give notice to its customers. Gil-

breath testified that a warning, "Do not ride moving scaffolds," was included on lease invoices, that notices were put up on the job sites, that warning cards were passed out to workmen, and that when possible the company would meet with customers and their employees to discuss safety matters. However, Gilbreath could not produce any of the documents containing warnings. Bill Golding, Nagy, and Gilbreath criticized Sachnik's suggested warnings as being too wordy and distracting. Nagy believed that the warning, "do not ride rolling towers," was a sufficient warning under all the circumstances. In view of the conflicting evidence, Sharpe has failed to show that the jury's failure to find the movable scaffolding defective due to lack of adequate warnings was against the great weight and preponderance of the evidence. The fourth point of error is overruled.

■ Appellant's fifth point of error is that there was no evidence to support the finding that Sharpe was negligent and his negligence was the proximate cause of the accident. In the next point of error, Appellant attacks the factual sufficiency of the evidence to support the same finding. In reviewing a "no evidence" point of error, this court will consider only the evidence and inferences tending to support the finding and disregard all evidence and inferences to the contrary. *Garza v. Alviar*, 395 S.W.2d 821 (Tex.1965); *Jack Roach Ford v. De Urdanavia*, 659 S.W.2d 725 (Tex.App.—Houston [14th Dist.] 1983, no writ); *Retzlaff v. Ground*, 640 S.W.2d 676 (Tex.App.—Houston [14th Dist.] 1982, no writ).

■ There is some evidence which supports the jury's finding that Appellant's negligence proximately caused the accident. Nagy and Gilbreath testified that the proper way to move the scaffolding was by pushing it from the ground and that the method used by Appellant was improper. That testimony, and the inferences arising from the testimony, precludes a finding that there was no evidence to support the jury's answer. Point of error five is overruled.

■ In reviewing Appellant's insufficient evidence point, this court must consider and weigh all of the evidence in the record to determine if it supports the judgment. *In re King's Estate*, 244 S.W.2d at 661; *American Oil Co. v. Fisher*, 659 S.W.2d 80 (Tex.App.—Houston [14th Dist.] 1983, no writ). There was testimony as to the proper way to move the scaffolding. There was no dispute as to the manner used by Sharpe and his helper to move the scaffolding. Appellant testified that no one told him that pulling the scaffold along from the top was unsafe. Sharpe puts great reliance on the fact that Appellee's expert witness had to learn that the scaffold had risks. Plaintiff argues that if an expert did not know the risks, it is not reasonable to expect that an apprentice electrician had any greater knowledge. We believe that a fact issue was created as to whose negligence was the proximate cause of the accident. There was some evidence that the method used by Appellant was a negligent one. There is sufficient evidence in the record from which the jury could find that his negligence was the proximate cause. Point of error six is overruled.

■ In points of error seven and eight, Sharpe argues that the failure to find any damages is contrary to the uncontroverted evidence or, in the alternative, is against the great weight and preponderance of the evidence. The record does contain testimony on the serious injuries received by Appellant and the extensive medical care that he has received for those injuries. However, Appellant has failed to show that the jury's refusal to find for Appellant on any of the contested liability issues was erroneous. The rule in this state has been that without a favorable response on the liability issues, Appellant has failed to show that the refusal to find damages was harmful. *Southern Pine Lumber Co. v. Andrade*, 132 Tex. 372, 124 S.W.2d 334 (1939); *Johnson v. Whitehurst*, 652 S.W.2d 441 (Tex.App.—Houston [1st Dist.] 1983, writ ref'd n.r.e.); *Gaut v. Quast*, 505 S.W.2d 367 (Tex.Civ.App.—Houston [14th Dist.]), writ

ref'd n.r.e. per curiam, 510 S.W.2d 90 (Tex. 1974); *Conrey v. McGehee*, 473 S.W.2d 617 (Tex.Civ.App.—Houston [14th Dist.] 1971, writ ref'd n.r.e.). We believe that the automatic application of the rule of *Southern Pine Lumber Co. v. Andrade*, should be reexamined by our Supreme Court. In our view, a finding of no damages in the face of undisputed evidence of severe and objective injuries demonstrates a prejudice against the party which in reasonable probability affected other material issues. Clearly, such finding indicates that the jury undertook to write a judgment rather than a verdict. Such finding demonstrates a disregard of the evidence which, more likely than not, permeates the case. We recognize that the trial tactics or conduct of the plaintiff may explain such a negative finding in some cases. Also, such finding may result from serious impeachment of the plaintiff. We further note that in many cases in which such negative findings are made, the issue is contested and the finding is justified. In such cases the rule of *Southern Pine Lumber* makes sense. Despite our view that the Supreme Court should reconsider the automatic application of the rule of *Southern Pine Lumber*, we are bound by it and by the previous decisions by this Court. Therefore, we overrule points of error seven and eight.

■ In point of error nine, Sharpe argues that the trial court erred in overruling Appellant's objection to Appellee's cross-examination of Larry Janes. Appellant believes that Janes' testimony as to causation was inadmissible hearsay. Janes was a claims representative for the compensation carrier. As part of his job, he made an investigation of the accident which caused Appellant's injuries. Janes personally viewed the scene of the accident and received statements from persons who were present at the scene. Janes made a report based on this investigation. During cross-examination, Appellee established that Janes had investigative training. Janes testified that he had concluded that the principal cause of the accident was the conduct of Appellant and his helper. He also testified that there was dirt and debris

in and around the accident scene and that at the time of the accident the scaffolding was not going in a forward direction. Appellant objected to this testimony.

Appellant argues that the testimony was pure hearsay and it was reversible error to admit it over a timely objection. Appellant believes that even if Janes was an expert, it is error to allow into evidence an expert's opinion that is based solely upon hearsay. *Moore v. Grantham*, 599 S.W.2d 287 (Tex. 1980).

The trial in this case occurred after the effective date of the new Texas Rules of Evidence and those rules control here. Rule 702 allows an expert to testify, in the form of an opinion, to a fact in issue if specialized knowledge will assist the trier of fact. TEX.R.EVID. 702. The rules also provide that if the facts underlying an expert's opinion are of the type reasonably relied upon by the experts, the underlying facts need not be admissible into evidence. TEX.R.EVID. 703.

Janes' testimony as to causation did assist the trier of fact. Appellee established that Janes was an expert by having some specialized "knowledge, skill, experience, training, or education." TEX.R.EVID. 702. Janes' testimony was based upon both his own observations of the accident scene and statements from others at the scene. Therefore, the testimony was not based solely upon hearsay. Even if the testimony was based solely upon hearsay, the Supreme Court, by adopting the Texas Rules of Evidence, has rejected the limitation of *Moore*. *See generally*, Blakely, *Summary of Changes Effected by the Texas Rules of Evidence*, 20 HOUS.L.REV. 625, 645 (1983 TEX.R.EVID. Handbook); Sutton, *Article VII: Opinions and Expert Testimony*, 20 HOUS.L.REV. 445, 464 (1983 TEX.R.EVID. Handbook).

■ Appellant also believes that the testimony was objectionable because it went to a material fact issue. The fact that opinion testimony goes to an ultimate issue to be decided by the trier of fact does not make the testimony objectionable if it

is otherwise admissible. TEX.R.EVID. 704. Appellant's ninth point of error is overruled.

In point of error ten, Appellant argues that the trial court erred in denying Appellant's Motion for Directed Verdict. A motion for directed verdict may be granted only when the movant is entitled to prevail as a matter of law. *See generally Safway Scaffold Co. of Houston v. Safway Steel Products, Inc.,* 570 S.W.2d 225 (Tex.Civ. App.—Houston [1st Dist.] 1978, writ ref'd n.r.e.). Appellant failed to establish under any of the liability theories that he was entitled to prevail as a matter of law. Without such a showing, the trial court did not err by failing to grant the Motion for Directed Verdict. Point of error ten is overruled.

Point of error eleven is that the trial court erred in refusing Appellant's "requested issues as to defective scaffold and whether one of the wheels failed." The twelfth point is that the court erred in overruling Appellant's objections to Special Issues Nos. Two and Three and the definition of "defective." Appellant's basic complaint under these points is that the trial court's general submission of the "defect issue" was improper. Appellant submitted several special issues which detailed the alleged defect in the movable scaffolding.

Rule 277 of the Rules of Civil Procedure clearly gives the trial court discretion to submit broad special issues. Once the court has fairly submitted the controlling issues, it is not reversible error to refuse to submit other and various phases or different shades of the same issues. TEX.R.CIV.P. 279. The court fairly submitted the controlling issue and did not err in refusing Appellant's proffered special issues. Appellant has not shown that the definition of "defective" contained in the charge was an improper definition. Points of error eleven and twelve are overruled.

In point of error thirteen, Appellant argues that the court erred in overruling his objections to Special Issues Nos. Four and Five and the instruction on warn-

ings. The fourteenth point of error is that the trial court erred in refusing Appellant's requested issues and instructions on warnings under negligence and products liability.

Each of Appellant's requested special issues dealt with Appellee's alleged negligent failure to warn. However, Appellant's cause of action for failure to warn was limited to a strict products liability theory. The trial court submitted the failure to warn theory under the products liability theory in Special Issue No. Four which fairly presented the controlling issue to the jury. Appellant's thirteenth and fourteenth points of error are overruled.

Point of error sixteen is that the "court erred and abused its discretion in overruling Plaintiff's objections to the submission of the issue as to Plaintiff's negligence and the form of submission of the issue." Special Issue No. Six asked whose negligence, if any, do you find was the proximate cause of the occurrence in question. The jury's responses were limited to Sharpe, Safway, or both. The jury found that only Appellant's negligence was the proximate cause. Appellant argues that this was a "pure product liability" case and "negligence" of the injured party is immaterial." Sharpe further argues that the issue constituted an impermissible comment on the weight of the evidence.

Appellant's petition clearly alleged negligence as a cause of action so that negligence was not immaterial. There was also sufficient evidence to support the submission of the negligence issue. It is not error to submit a general negligence issue or to combine both negligence and proximate cause in one issue. TEX.R.CIV.P. 277. The issue, by including the term "if any," did not constitute a comment of the weight of the evidence. Point of error sixteen is overruled.

In the fifteenth point of error, Appellant asserts that the trial court erred in failing to grant Appellant's motion for mistrial. After it had been deliberating for about an hour, the jury sent out a note

**394**

asking if the damage issue was dependent on any of the answers to the liability issues and if the issue had to be answered under all circumstances. Appellant moved for a mistrial at that time arguing that the jury was attempting to render a judgment rather than answering the fact issues. That motion was denied. Appellant moved for mistrial upon receipt of the verdict because of bias and prejudice of the jury. This later motion was also denied.

In his brief, Appellant admits that he was unable to establish any overt acts of misconduct resulting in the jury's verdict. However, Appellant argues that the short time of jury deliberations, the finding of no damages, and the note from the jury clearly evidenced an intent by the jury to render judgment rather than to answer the special issues. There is no evidence in the record showing that any outside influence was improperly brought to bear upon any of the jurors during deliberations. The factors relied upon did not establish jury misconduct so prejudicial to Appellant's case that an improper verdict probably resulted. The trial court did not abuse its discretion by failing to grant either of Appellant's motions for mistrial. Point of error fifteen is overruled.

The judgment is affirmed.