Cathy Harris SOURIS, Appellant,

v.

Harvey L. ROBINSON, Volkswagen of America, Inc., and Volkswagenwerk Aktiengesellschaft, Appellees.

No. B14–85–559–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Jan. 15, 1987.

Daniel N. Lichty, Houston, for appellant.

James R. Boston, Timothy R. Bersch, John D. Gilpin, James N. Adams, Houston, for appellees.

Before PAUL PRESSLER, SEARS and CANNON, JJ.

## OPINION

SEARS, Justice.

This appeal arises from a negligence and products liability suit brought by appellant (plaintiff below) against appellees (defendants below) for injuries sustained by appellant in an automobile accident. Based on the jury's answers to special issues in which no liability was imposed, the trial court entered judgment for appellees and awarded no damages to appellant. We find no error and affirm the trial court's judgment.

Shortly after midnight on May 17, 1975, appellant, appellee Robinson and two other friends were traveling in Robinson's 1966 Volkswagen Beetle on a rural road in Harris County. The vehicle ran off the road and hit a utility pole. Appellant, who was sitting in the front passenger seat, sustained injuries during the collision and brought suit against appellees alleging appellee Robinson was negligent, that the car was defective, that Volkswagen and Volkswagenwerk were negligent in the production and design of the car and that they breached certain warranties. In answers to special issues, the jury found that appellee Robinson was not negligent in his lookout, in the application of his brakes, in the guidance of his vehicle or in his speed. It also found that appellee Volkswagen did not fail to give adequate warnings or instructions regarding the seat latching mechanism and that the seat latching mechanism was not designed defectively. The jury further found that appellant was not negligent regarding the failure to use a seat belt. The final judgment was entered in favor of appellees and ordered that ap-

pellant take nothing. It is from this judgment that appellant appeals.

■ In her first two points of error appellant alleges the trial court erred in admitting evidence and in submitting special issues to the jury concerning appellant's failure to wear a seat belt. Appellant bases this point of error on this state's refusal to recognize a "seat belt defense," citing *Carnation Co. v. Wong*, 516 S.W.2d 116, 117 (Tex.1974), in which the Texas Supreme Court held that persons whose negligence did not contribute to an automobile accident should not have the damages awarded to them reduced or mitigated because of their failure to wear available seat belts. Appellant's position at trial was that a complete seat belt was not available to her at the time of the accident. Appellant alleges that the admission of evidence and the submission of a special issue with regard to her failure to make use of an available seat belt implied to the jury that appellant or her counsel misrepresented the availability of a seat belt or tampered with the evidence.

The special issue of which appellant complains is Special Issue No. 2, which reads: "Do you find from a preponderance of the evidence that on the occasion in question was [appellant] negligent in regard to the use of a seat belt?" The jury answered, "No." There is no evidence that the jury was in any way prejudiced by the evidence or issue, particularly as it ruled appellant was not negligent. We find appellant was not harmed by the special issue and she cannot complain of an issue answered favorably to her. *Winkelmann v. Battle Island Ranch*, 650 S.W.2d 543, 545 (Tex. App.—Houston [14th Dist.] 1983, no writ). Appellant's first two points of error are overruled.

■ In point of error three appellant contends the trial court erred in excluding the testimony of expert witness Lalk regarding field investigations which formed, in part, the basis for his opinions.

Appellant called Dr. Thomas R. Lalk as an expert witness to evaluate the design of the seat latching mechanism. Dr. Lalk testified on direct examination that he examined photographs of the seat latching mechanism, examined the floorpan from the automobile involved in the accident, examined the driver's and front passenger's seats from the car, read depositions, examined design drawings and reviewed the owner's manual for the 1966 Volkswagen Beetle. He demonstrated in the courtroom how the seat adjusting mechanism and seats worked, and was asked to assume the front passenger seat moved forward at the time of the accident. He then presented his criticisms of the mechanism to the jury and answered more questions as to the basis of his opinions concerning these criticisms. After this testimony, appellant testified that he conducted field investigations that involved examining the seat latching mechanisms in other Volkswagens and other types of cars, as well as interviewing lay people concerning their experience with the mechanisms. Appellees objected to the admission of this testimony on the grounds that it was irrelevant and/or prejudicial, and was inadmissible under Tex.R.Evid. 703. The trial court sustained the objection.

Appellant claims the testimony was admissible under Rule 703 and that the exclusion of the testimony essentially eviscerated Dr. Lalk's opinion testimony. Rule 703 allows an expert witness to predicate his opinion on information otherwise inadmissible if it is reasonably relied upon by experts in the witness' field. The record reflects conflicting testimony as to whether or not the information obtained in these field investigations was the type reasonably relied upon by experts in Dr. Lalk's field. However, this court is of the opinion, given the totality of Dr. Lalk's testimony, that error in its exclusion, if any, was harmless. Dr. Lalk had already testified extensively as to his qualifications and work examining the latching mechanism in question, as well as his opinions concerning any alleged defects. The excluded testimony came after this extensive treatment; thus, Dr. Lalk was not prevented from offering his opinion nor was his presentation "eviscerated." Whether experts in the field reasonably rely on such data is a

matter for preliminary determination by the trial court pursuant to Tex.R.Evid. 104(a), and will not be reversed unless the trial court is clearly wrong. *See Stanley v. Southern Pacific Co.*, 466 S.W.2d 548 (Tex. 1971). We do not find the trial court to be clearly wrong. Appellant's third point of error is overruled.

■ In her fourth point of error appellant contends the trial court erred in refusing to strike the trial testimony of Dr. Verne Roberts regarding his opinion on the engagement of the latching mechanism. She contends that this testimony directly conflicted with his earlier deposition testimony.

In his deposition Dr. Roberts testified that he was of the opinion that the seat latching mechanism was not engaged during the accident. At trial he testified that he had changed his opinion due to a review of another expert's testimony not available at the time of his deposition. Appellant contends the trial testimony should have been stricken because the change in testimony violated an agreement between counsel for appellant and appellees to notify one another before trial should any expert's opinion change. Appellees assert that appellant was in fact notified by letter of the change in Dr. Roberts' opinion five days prior to trial. Appellant's counsel acknowledges the receipt of the letter but insists that it communicated only that during his testimony at trial Dr. Roberts would not *assume* that the latching mechanism was not engaged. Appellant's counsel insists that this did not indicate that Dr. Roberts would change his basic opinion that the mechanism was not engaged. We find appellant's argument unconvincing and that appellees complied with the agreement to notify appellant of any change in opinion. Appellant's fourth point of error is overruled.

■ In points of error five and six appellant alleges the trial court erred in finding that appellant suffered no damages because such damages were established as a matter of law, or such finding was against the great weight and preponderance of the evidence. Appellant refers to extensive testimony by numerous witnesses to support her claim for damages. However, the jury refused to find for appellant on the issues of liability, thus appellant has failed to show that the refusal to find damages was harmful. *Sharpe v. Safway Scaffolds Co. of Houston, Inc.*, 687 S.W.2d 386, 391 (Tex.App.—Houston [14th Dist.] 1985, no writ). Appellant insists that such a result is wrong, and cites language from *Sharpe* that a finding of no damages in the face of undisputed evidence of injuries demonstrates prejudice by the jury. *Id.* at 392. We find no evidence of prejudice or bias on the jury's part. Appellant's fifth and sixth points of error are overruled.

■ In her seventh and eighth points of error appellant asserts the trial court erred in failing to find negligence by appellee Robinson as such was established as a matter of law, or such finding was against the great weight and preponderance of the evidence.

Appellant pled specific acts or omissions of negligence against appellee Robinson and these were submitted to the jury in Special Issue No. 1. The jury answered that Robinson was not negligent in his lookout, in the application of his brakes, in his guidance of his vehicle or in his speed. Appellant apparently failed in her burden of proof on these specific allegations. The jury's failure to find a fact vital to appellant's recovery need not be supported by affirmative evidence. *Traylor v. Goulding*, 497 S.W.2d 944, 945 (Tex.1973).

A review of the evidence shows that the intersection where the accident occurred was dark and unmarked. The road on which appellee Robinson was driving was unfamiliar to him, was not marked with lines and dead-ended on a field containing the utility pole the car struck. An accident reconstructionist testified the pole was in a "stupid position from a safety standpoint." None of the accident witnesses testified that Robinson drove in a negligent manner. Robinson was driving at 25–35 miles per hour immediately before the accident, i.e., not at an excessive rate of speed.

The jury was free to judge the credibility of the witnesses. Its finding of no negligence on the part of appellee Robinson was not against the great weight and preponderance of the evidence, nor was negligence established as a matter of law. Points of error seven and eight are overruled.

In her ninth point of error appellant alleges the trial court erred in giving the jury a coercive instruction to return a decision "today." Before jury deliberations began, the trial court excused the jury for lunch and asked it to return by one-thirty or two o'clock in the afternoon. When the jury reconvened, the trial court gave further instructions, then said, "Now, if you all will please retire to the jury room, and try to make your decision today."

Appellant contends the trial court's instruction must have been coercive and prejudicial because the jury returned a verdict the same day. She alleges the jury should not have been able to review such extensive trial exhibits and testimony and return a verdict in such a brief time.

A possibly coercive statement will not invalidate the charge unless it retains its coercive nature when the charge is read as a whole and all of the circumstances surrounding its rendition and effect are considered. *Stevens v. Travelers Ins. Co.*, 563 S.W.2d 223, 229 (Tex.1978). We are of the opinion that the court's instruction was not coercive. The record does not indicate any of the jurors felt coerced, and no objection was made to the instructions. Appellant's ninth point of error is overruled.

The judgment of the trial court is affirmed.