Marilyn **GLYN–JONES** and Husband,
David **Glyn–Jones**, and Son, Jason
**Glyn–Jones**, Appellants,

v.

**BRIDGESTONE/FIRESTONE, INC.,**
**f/k/a The Firestone Tire & Rubber**
**Company, et al., Appellees.**

No. 05–91–01704–CV.

Court of Appeals of Texas,
Dallas.

May 21, 1993.

Rehearing Denied July 7, 1993.

Barry S. Berger, Houston, for appellants.

C. Vernon Harline, Jr., P. Michael Jung, Scott G. Edwards, Dallas, for appellees.

Before THOMAS, CHAPMAN and KAPLAN,[1] JJ.

## OPINION

THOMAS, Justice.

This is a products liability case. Marilyn Glyn–Jones sued The Firestone Tire & Rubber Company and others for personal injuries sustained in an automobile accident. Her husband and son asserted derivative claims for loss of consortium.[2] Glyn–Jones alleged that her injuries were caused, in part, by a defective seat belt system installed in her car. Firestone moved for summary judgment based on a statute that prohibits any evidence of the use or nonuse

of a safety belt in a civil trial. The trial court granted Firestone's motion for summary judgment. Glyn–Jones appeals. We affirm in part and reverse in part.

## FACTUAL BACKGROUND

Glyn–Jones was injured when her 1982 Ford Escort was struck by a car driven by John Hamilton. She was thrown about her vehicle upon impact. Glyn–Jones contends that the seat belt and shoulder harness restraint system in her automobile were defective and contributed to the severity of her injuries.

Glyn–Jones sued Hamilton and the City of Dallas for negligence. She also sued Ford Motor Company, Champion Motor Sales, and Firestone for breach of warranty and various products liability theories.[3] Glyn–Jones alleged that her vehicle was not crashworthy because the restraint system failed to prevent her from being thrown about the car. Glyn–Jones maintained that she was wearing her seat belt at the time of the collision. The defendants disputed this allegation.

In support of the motion for summary judgment, Firestone relied on article 6701d, section 107C(j) of the Texas Revised Civil Statutes, which prohibits any evidence of the use or nonuse of a safety belt in a civil trial. Since the statute prohibited Glyn–Jones from proving that she was using her seat belt at the time of the accident, and she could not prove that her injuries were caused by a defective restraint system, Firestone maintained that it was entitled to judgment as a matter of law. The trial court granted summary judgment in favor of Firestone and severed the claims against the remaining defendants.

---

**1.** The Honorable Jeff Kaplan, Justice, participated in this cause at the time it was submitted for decision. Due to Justice Kaplan's leaving office on November 20, 1992, he did not participate in the issuance of this opinion.

**2.** David Glyn–Jones and Jason Glyn–Jones were parties to this case in the trial court. David Glyn–Jones died after the trial court rendered judgment but before the case was disposed of on appeal. We will proceed to adjudicate the merits of this appeal and render judgment as if all

parties thereto were living. *See* TEX.R.APP.P. 9(a).

**3.** Ford Motor Company designed and manufactured the automobile driven by Glyn–Jones. Auto Ventures, Inc., d/b/a Champion Motor Sales, Inc. sold the vehicle to Glyn–Jones. Bridgestone/Firestone, Inc. f/k/a The Firestone Tire & Rubber Company manufactured the seat belt and shoulder harness restraint system installed in the car.

Glyn–Jones challenges the application and constitutionality of section 107C(j). First, she contends that the prohibition against the use of seat belt evidence does not apply to products liability cases involving the crashworthiness of an automobile. Alternatively, she argues that the statute violates the open courts provision of the Texas Constitution.

## APPLICATION OF SECTION 107C(j)

Glyn–Jones contends that section 107C(j) should not prevent her products liability claim against Firestone. She acknowledges that the plain language of the statute prohibits any evidence of the use or nonuse of a safety belt in a civil trial, but urges that we create a judicial exception in crashworthiness cases.

### 1. Statutory Construction

Courts are responsible for truly and fairly interpreting written law. *Simmons v. Arnim*, 110 Tex. 309, 220 S.W. 66, 70 (1920). We begin any statutory analysis by reviewing the statute. *Cail v. Service Motors, Inc.*, 660 S.W.2d 814, 815 (Tex.1983). If the statute is clear and unambiguous, extrinsic aids and rules of statutory construction are inappropriate. *Ex parte Roloff*, 510 S.W.2d 913, 915 (Tex.1974). We seek the intent of the legislature as found in the plain and common meaning of the words and terms used. *Moreno v. Sterling Drug, Inc.*, 787 S.W.2d 348, 352 (Tex. 1990). We must follow the clear language of the statute. *Republic Bank Dallas, N.A. v. Interkal, Inc.*, 691 S.W.2d 605, 607 (Tex.1985).

### 2. Seat Belt Statute

The Texas Legislature enacted a mandatory seat belt law in 1985. TEX.REV.CIV. STAT.ANN. art. 6701d, § 107C (Vernon Supp. 1992). Subsection (j) of the statute pre-cludes the seat belt defense in the trial of a civil case. Specifically, the applicable statutory provision states that "[u]se or nonuse of a safety belt is not admissible evidence in a civil trial." TEX.REV.CIV.STAT.ANN. art. 6701d § 107C(j) (Vernon Supp. 1992).

### 3. Application of Law to the Facts

■ The language of section 107C(j) is clear and unambiguous. The statute does not differentiate between negligence actions and products liability cases. Rather, the legislature has created a blanket prohibition against the use of seat belt evidence in *all* civil trials. We must interpret the statute as written and seek the intent of the legislature as found in the plain and common meaning of the words and terms used. *Moreno*, 787 S.W.2d at 352; *Interkal*, 691 S.W.2d at 607. We decline to create a judicial exception to the statute to allow the use of seat belt evidence in crashworthiness cases.[4]

## OPEN COURTS DOCTRINE

Glyn–Jones next contends that section 107C(j) violates the open courts provision of the Texas Constitution. She argues that a strict application of the statute effectively eliminates her common-law cause of action against Firestone on a crashworthiness theory. Glyn–Jones maintains that this restriction is unreasonable and violates her due process rights guaranteed under article I, section 13, of the Texas Constitution.

### 1. Standard of Review

Statutes are presumed to be valid. *Sax v. Votteler*, 648 S.W.2d 661, 664 (Tex.1983); *Smith v. Davis*, 426 S.W.2d 827, 831 (Tex. 1968). We must construe a statute in a manner that renders it constitutional if it is possible to do so consistent with a reasonable interpretation of its language. *See Brady v. Fourteenth Court of Appeals,*

---

**4.** Since the enactment of section 107C(j), two appellate courts have decided crashworthiness cases involving defective seat belts. *Guentzel v. Toyota Motor Corp.*, 768 S.W.2d 890 (Tex.App.—San Antonio 1989, writ denied), and *Souris v. Robinson,* 725 S.W.2d 339 (Tex.App.—Houston [14th Dist.] 1987, no writ). In *Guentzel,* neither party challenged the admissibility of seat belt evidence under the statute. In *Souris,* the plaintiff challenged the admission of evidence and submission of a jury issue on the use of a seat belt. The court did not address whether this constituted error. Rather, the court concluded that the plaintiff could not complain because the issue was resolved in her favor at trial.

795 S.W.2d 712, 715 (Tex.1990) (orig. proceeding). If such an interpretation is not possible, however, then the constitution must prevail over the statute. *Earle v. Program Ctrs. of Grace Union Presbytery, Inc.,* 670 S.W.2d 777, 779–80 (Tex. App.—Fort Worth 1984, no writ). The burden is on the party attacking the statute to show that it is unconstitutional. *Texas Pub. Bldg. Auth. v. Mattox,* 686 S.W.2d 924, 927 (Tex.1985) (orig. proceeding); *Robinson v. Hill,* 507 S.W.2d 521, 524 (Tex. 1974).

## 2. Open Courts Provision

■ Article I, section 13 of the Texas Constitution provides, in pertinent part:

All courts shall be open, and every person for an injury done him, in his lands, goods, person or reputation, shall have remedy by due course of law.

TEX. CONST. art. I, § 13. This constitutional provision is a facet of due process. *Stout v. Grand Prairie Indep. Sch. Dist.,* 733 S.W.2d 290, 293 (Tex.App.—Dallas 1987, writ ref'd n.r.e.), *cert. denied,* 485 U.S. 907, 108 S.Ct. 1082, 99 L.Ed.2d 241 (1988). It is based on the premise that the legislature cannot make a remedy contingent on an impossible condition. *Moreno,* 787 S.W.2d at 355. The open courts provision ensures that citizens bringing a common-law cause of action will not unreasonably be denied the right of redress for their injuries. *Hanks v. City of Port Arthur,* 121 Tex. 202, 48 S.W.2d 944, 946–50 (1932); *Stout,* 733 S.W.2d at 293.

The supreme court has established a two-part test for evaluating a challenge under the open courts provision. First, the statute must restrict a well-recognized common-law cause of action. *Moreno,* 787 S.W.2d at 355. Second, the restriction must be unreasonable or arbitrary when balanced against the purpose and basis of the statute. *Id.; see also Lucas v. United States,* 757 S.W.2d 687, 690 (Tex.1988); *Sax,* 648 S.W.2d at 666.

## 3. Application of Law to the Facts

Crashworthiness cases involve a form of design defect. The design defect can be anything that compromises the safety of the vehicle as a whole. Crashworthiness cases differ from other design defect cases, however, because there is no causal connection between the defect and the accident. The seller or manufacturer of the vehicle is liable only for those additional or enhanced injuries that would not have occurred but for the defect. *See Duncan v. Cessna Aircraft Co.,* 665 S.W.2d 414 (Tex.1984) (liability based on weak airplane seats that turned a survivable accident into a fatal one); *Turner v. General Motors Corp.,* 584 S.W.2d 844 (Tex.1979) (liability premised on roof structure that caused avoidable injuries during rollover).

The right to sue on a crashworthiness theory was originally advanced by the Eighth Circuit in *Larsen v. General Motors Corp.,* 391 F.2d 495, 503 (8th Cir.1968). The Texas Supreme Court adopted the crashworthiness doctrine in 1979. *See Turner,* 584 S.W.2d at 844. Crashworthiness has been a recognized cause of action in Texas since that time. *See Duncan,* 665 S.W.2d at 418; *Boatland of Houston, Inc. v. Bailey,* 609 S.W.2d 743, 745 (Tex.1980); *Guentzel,* 768 S.W.2d at 892–97; *Souris,* 725 S.W.2d at 341. Crashworthiness was a well-recognized common-law cause of action at the time section 107C(j) was promulgated. The statute effectively abrogates this common-law right.

■ We must now determine whether the restriction imposed by section 107C(j) is unreasonable and arbitrary when balanced against the purposes and basis of the statute. *See Lucas,* 757 S.W.2d at 691. The overriding purpose of section 107C(j) was to save lives and prevent economic loss due to deaths in highway accidents. *See* Nancy N. Casbeer, Note, *The Use of the Seat Belt Defense in Crashworthiness Cases,* 40 BAYLOR L.REV. 551, 562 (1988). The purpose behind this legislation is not advanced by abolishing an entire class of products liability cases involving defective seat belts. Indeed, the abolition of the crashworthiness doctrine in seat belt cases is contrary to the legislature's stated purpose of saving lives and promoting safety on the highways.

We conclude that the restriction imposed by section 107C(j) is arbitrary and unrea-

sonable insofar as it prohibits the introduction of seat belt evidence in a crashworthiness case. Further, the statute unreasonably denies Glyn–Jones and others similarly situated redress for their injuries. We, therefore, hold that section 107C(j) violates the open courts provision of the Texas Constitution.

## BREACH OF WARRANTY CLAIM

The trial court granted Firestone's motion for partial summary judgment on the breach of warranty claim. This partial summary judgment was incorporated in the final summary judgment. Glyn–Jones does not challenge this ruling on appeal. We therefore affirm the trial court's order granting a partial summary judgment on the breach of warranty claim. *See Guion v. Guion,* 475 S.W.2d 865, 868 (Tex.Civ. App.—Dallas 1971, writ ref'd n.r.e.).

## CONCLUSION

We sustain Glyn–Jones' sole point of error. We reverse that portion of the trial court's judgment pertaining to the products liability claims asserted by Glyn–Jones. The judgment is affirmed in all other respects. This cause is remanded to the trial court for further proceedings consistent with this opinion.