W. EUGENE DAVIS, Circuit Judge,
dissenting:
I agree with the resolution of all the issues in the majority’s well-written opinion except for its treatment of the seat belt issue.
*207 I start with the plain language of the Texas statute: “Use or non-use of a safety belt is not admissible evidence in a civil trial ...” Tex. Transp. Code § 545.413(g). When we look to Texas Supreme Court case law for exceptions to this broad rule, we find only one narrowly drawn exception in a case brought by an occupant of a vehicle against a seat belt manufacturer. The seat belt manufacturer sought to exclude evidence proffered by the plaintiff that she had her seat belt on. The Texas Supreme Court held that: “the legislature did not intend section 107C(j) to preclude evidence necessary to a cause of action against a seat belt manufacturer for injuries allegedly caused by a defective seat belt.” Bridgestone/Firestone, Inc. v. Glyn-Jones, 878 S.W.2d 132, 134 (Tex.1994). When this case was before the Texas Court of Intermediate Appeals, the plaintiff, Glyn-Jones, argued that an exception should be made to the statute for crash-worthiness cases and the court declined to adopt this broad exception. Glyn-Jones v. Bridgestone/Firestone, Inc., 857 S.W.2d 640, 642 (Tex.Ct.App.1993). The Texas Supreme Court also declined to adopt this broad exception. As a practical matter, in crash-worthiness cases where an injured occupant of a vehicle sues various manufacturers of component parts of the vehicle, the exception to the statute created by the majority would allow the evidence to be admitted in almost all crash-worthiness cases because causation is invariably at issue. If the Texas Supreme Court wanted to create such a broad exception, it had an excellent opportunity to do so and declined the invitation.
Support for the exception to the non-admissibility of use or non use of a seatbelt the majority creates rests entirely on dicta in a footnote in a single intermediate Texas Court of Appeals decision, Vasquez v. Hyundai Motor Co., 119 S.W.3d 848, 851 n. 2 (Tex.Ct.App.2003). For a number of reasons this is a slender reed to support an exception to an exceedingly clear statute. First, the Vasquez court expressly declined to reach the admissibility of the seat belt evidence. Also, arguably, the evidence was admissible under the Texas Supreme Court’s exception in Glyn-Jones because the plaintiff alleged that the air bag component of the restraint system was defective. The defendant argued that the air bag, when used with a seatbelt, was not defective. So whether the seatbelt was in use was certainly closely related to the plaintiffs suit against the manufacturer of the restraint system and even more relevant to the air bag manufacturer’s defense.
In short, the passing reference in the Vasquez decision is not enough for me to avoid the plain language of the statute. I see nothing about the dicta in this factually dissimilar case or its reasoning that suggests that the Texas Supreme Court would create such a broad exception, particularly since the Supreme Court declined to do so when it had the opportunity.
For these reasons I respectfully dissent from'the grant of a new trial.