**AFFIRMED and Opinion Filed June 10, 2021**



In The
# Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-19-01219-CV

### LINA CAGGIANO-BOER, Appellant
### V.
### CORY SCOTT MILLER, Appellee

**On Appeal from the 380th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 380-05935-2017**

## MEMORANDUM OPINION
Before Justices Partida-Kipness, Pederson, III, and Goldstein
Opinion by Justice Goldstein

This appeal is from a take nothing judgment in a personal injury suit arising

from an automobile collision.

Appellant Lina Caggiano-Boer brought a personal injury suit against Cory

Scott Miller, alleging that his negligence caused an automobile accident in Frisco,

Texas. Miller alleged that Caggiano-Boer's negligence contributed to the accident.

A unanimous jury found that Caggiano-Boer was solely negligent. Following trial,

Caggiano-Boer's counsel withdrew from representing her. Caggiano-Boer filed a pro se motion for new trial, which the trial court denied.

We first question whether Caggiano-Boer adequately briefed the issues presented after being afforded an opportunity to cure. To present an issue to this Court, a party's brief shall contain, among other things, a concise, nonargumentative statement of the facts of the case, supported by record references, and a clear and concise argument for the contentions made with appropriate citations to authorities and the record. TEX. R. APP. P. 38.1; *McIntyre v. Wilson*, 50 S.W.3d 674, 682 (Tex. App.—Dallas 2001, pet. denied). Existing legal authority applicable to the facts and the questions we are asked to address must be accurately cited and analyzed. *Bolling v. Farmers Branch Indep. Sch. Dist.*, 315 S.W.3d 893, 896 (Tex. App.—Dallas 2010, no pet.). When a party fails to adequately brief a complaint, he waives the issue on appeal. *In re Interest of N.E.B.*, 251 S.W.3d 211, 212 (Tex. App.—Dallas 2008, no pet.). While we were not favored with such a brief, we conceive that the issues may be categorized generally as 1) legal and factual insufficiency of evidence to support the jury verdict, 2) error in evidentiary rulings, and 3) denial of her motion for new trial. Because all the dispositive issues are settled in law, we issue this memorandum opinion and affirm the trial court's judgment.

## I. Legal and Factual Sufficiency Review

The collision occurred between 9:20 and 9:30 a.m. on May 27, 2017. The jury heard conflicting testimony from Caggiano-Boer and Miller as to the events leading up to the collision, the status and color of signal lights in each direction, location of surrounding vehicles, and whether Miller was distracted or on the phone at the time of the collision. The jury received evidence of Miller's phone records from the time of the collision and the testimony of Miller's co-worker identified as an incoming call. The jury heard testimony of the City's traffic engineer that included records pertaining to the signal light sequencing at the intersection at the time of the collision.

### A. Standards of Review

In a legal sufficiency review, we consider all of the evidence in a light most favorable to the verdict and indulge every inference that would support it. *Kelley & Witherspoon, LLP v. Hooper*, 401 S.W.3d 841, 847 (Tex. App.—Dallas 2013, no pet.) (citing *City of Keller v. Wilson*, 168 S.W.3d 802, 822 (Tex. 2005)). We reverse the fact finder's determination only if the evidence presented would not enable a reasonable and fair-minded person to reach the judgment under review. *Kelley & Witherspoon*, 401 S.W.3d at 847; *City of Keller*, 168 S.W.3d at 827. If a party challenges both the legal and factual sufficiency of evidence, we first review for

3

legal sufficiency and only reach a factual sufficiency review if the evidence is found legally sufficient. *Windrum v. Kareh*, 581 S.W.3d 761, 781 (Tex. 2019).

In a factual sufficiency review, we examine the evidence that both supports and contradicts the jury's verdict in a neutral light. *Wise v. SR Dallas, LLC*, 436 S.W.3d 402, 408–09 (Tex. App.—Dallas 2014, no pet.) (citing *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 242 (Tex. 2001)). The amount of evidence necessary to affirm a judgment is far less than that necessary to reverse, as we may not overturn the jury's verdict merely because we conclude that the evidence preponderates toward a different result. *Bright v. Addison*, 171 S.W.3d 588, 595 (Tex. App.—Dallas 2005, pet. denied). When a party attacks the factual sufficiency of an adverse finding on an issue upon which she had the burden of proof, as Caggiano-Boer does on the negligence question, we can set aside the verdict only if the finding is so against the great weight and preponderance of the evidence that it is clearly wrong and unjust. *Babiy v. Kelley*, No. 05-17-01122-CV, 2019 WL 1198392, at *2 (Tex. App.—Dallas Mar. 14, 2019, no pet.) (mem. op.) (citing *Dow*, 46 S.W.3d at 242). We defer to the jury's role as sole judge of witness credibility by reversing only where contrary evidence so greatly outweighs evidence supporting the verdict that it reveals the jury verdict is manifestly unjust, shocks the conscience, or clearly demonstrates bias. *Windrum*, 581 S.W.3d at 781; *Golden Eagle Archery, Inc. v.*

4

*Jackson*, 116 S.W.3d 757, 774 (Tex. 2003); *Herbert v. Herbert*, 754 S.W.2d 141, 143–44 (Tex. 1988).

### B.     Sufficiency Analysis

The jury was presented with conflicting evidence, as Miller maintained he had a green light while Caggiano-Boer testified that she had a green arrow to turn left from Main Street onto Custer Road.   Caggiano-Boer erroneously and repeatedly contends that Miller had the burden of proof. Caggiano-Boer as plaintiff had the burden to prove that Miller had a legal duty, he breached the duty, and Caggiano-Boer's damages were proximately caused by his negligence. *Bustamonte v. Ponte*, 529 S.W.3d 447, 456 (Tex. 2017).   Miller asserted Caggiano-Boer's negligence, permitting inclusion of the proportionate responsibility jury charge question.   *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 33.001–33.003; *Bustamonte*, 529 S.W.3d at 456–57.   The jury did not reach Question 2 to apportion fault because it found unanimously that Caggiano-Boer's negligence was the sole cause of the accident. After reviewing the entire record, we conclude the jury finding that Caggiano-Boer's negligence was the sole cause of the collision is not so against the great weight and preponderance of the evidence to be manifestly unjust, shock the conscience, or clearly demonstrate bias. *See Windrum*, 581 S.W.3d at 781.

## II. Trial Court's Evidentiary Rulings

Caggiano-Boer challenges the admission and exclusion of certain evidence. Appellate courts review a trial court's evidentiary decisions for an abuse of discretion. *JBS Carriers, Inc. v. Washington*, 564 S.W.3d 830, 836 (Tex. 2018); *Service Corp. Intern. v. Guerra*, 348 S.W.3d 221, 235 (Tex. 2011). "Being present in the courtroom and having the most familiarity with the case, the trial court is best positioned to assess whether evidence is unfair or potentially misleading." *Diamond Offshore Serv., Ltd. v. Williams*, 542 S.W.3d 539, 544 (Tex. 2018). The admission or exclusion of evidence is reversible only if the complaining party shows that the trial court committed error that probably caused the rendition of an improper judgment. *See* TEX. R. APP. P. 44.1, 61.1; *JBS Carriers*, 564 S.W.3d at 836; *Service Corp.*, 348 S.W.3d at 236.

### A. Admission of Evidence

Caggiano-Boer argues the trial court erred by admitting records pertaining to signal light sequencing where the collision occurred and by allowing the City of Frisco's traffic engineer Curtis Jarecki to testify as to those records. These complaints were not preserved for appeal, as Caggiano-Boer failed to object at trial to admission of the records, Jarecki's qualifications as an expert, or his testimony regarding the functional operation of the traffic control device and light sequencing based upon the records. *See* TEX. R. APP. P. 33.1; *Service Corp.*, 348 S.W.3d at 234;

6

*Diais v. Land Rover Dallas, L.P.*, No. 05-15-00115-CV, 2016 WL 1298392, at *6 (Tex. App.—Dallas April 4, 2016, no pet.) (mem. op.).

Caggiano-Boer objected to Jarecki offering his opinion regarding vehicle right of way at the accident intersection. Qualified experts may offer an opinion if the testimony is both relevant and based on a reliable foundation. *See* TEX. R. EVID.702; *Innovative Block of S. Tex., Ltd., v. Valley Builders Supply, Inc*., 603 S.W.3d 409, 422-23 (Tex. 2020). Expert testimony is relevant if it is sufficiently tied to the facts of the case that it will aid the jury in resolving a factual dispute. *Innovative Block*, 603 S.W.3d at 422 (citing *E.I. du Pont de Nemours & Co. v. Robinson*, 923 S.W.2d 549, 556-57 (Tex. 1995)). An expert's opinion may be considered unreliable if it is based on assumed facts that vary materially from the actual facts, if it is based on data that do not support the conclusions reached, or if there is too great an analytical gap between the data relied upon and the opinion proffered. *Gunn v. McCoy*, 554 S.W.3d 645, 662-63 (Tex. 2018).

Applying these principles to the admission of Jareki's opinion regarding vehicle right of way, the trial court did not err in determining that it was within the expertise of a qualified traffic engineer responsible for programming and oversight of a particular traffic light to offer an opinion regarding which person had the right of way between a competing flashing yellow and green signal at that traffic control device.

7

## B. Exclusion of Evidence

Caggiano-Boer argues the trial court should have granted a new trial because her attorney was unable to present the unredacted version of Officer Mendoza's police report at trial or Officer Mendoza's deposition testimony wherein he discussed the redacted information. The redaction removed two phrases from the officer's narrative, which included Officer Mendoza's conclusion that Miller failed to control speed and did not stop when facing a red light. To challenge on appeal a trial court's ruling excluding evidence, the complaining party must have offered the evidence during trial and obtained an adverse ruling from the trial court. *Hall v. Coss*, No. 05-99-00207-CV, 2001 WL 15963, at *2 (Tex. App.—Dallas Jan. 9, 2001, pet. denied) (not designated for publication) (plaintiff failed to preserve error in admission of redacted accident report where plaintiff never offered the unredacted report); *see also* TEX. R. EVID. 103(a)(2) (offer of proof); TEX. R. APP. P. 33.2 (bill of exception); *Land Rover Dallas*, 2016 WL 1298392 at *6 (citing *In re Estate of Miller*, 243 S.W.3d 831, 837 (Tex. App.—Dallas 2008, no pet.)). Caggiano-Boer's failure to offer the unredacted report at trial waived appellate review.

Caggiano-Boer asserts the trial court erred by excluding Miller's phone records, but the court admitted the records and the exhibit was used by her counsel in cross-examining Miller. Caggiano-Boer alleges that the trial court excluded two exhibits containing her medical records, but one exhibit was never offered and the

8

other was admitted. Caggiano-Boer complains that the jury was not informed that Miller filed suit against her first. However, rather than offering this evidence, the record reveals that Caggiano-Boer sought to exclude evidence of Miller's suit and its settlement. It is a well-established principle of law that a party cannot request a ruling from a court and then complain on appeal that the court committed error by giving her the requested ruling. *In re Marriage of Hammett*, No. 05-14-00613-CV, 2016 WL 3086126, at *7 (Tex. App.—Dallas June 1, 2016, no pet.) (mem. op.) (citing *Tittizer v. Union Gas Corp.*, 171 S.W.3d 857, 861 (Tex. 2005) (discussing "invited error doctrine")). We find no error in these actions taken by the trial court.

### C.     Other Claims of Trial Court Error

Caggiano-Boer asserts that her counsel did not complete his planned cross-examination of Miller or offer Mendoza's deposition testimony discussing the redacted police report because her attorney fell ill during trial. However, the trial record reflects that Caggiano-Boer's counsel informed the court that he had no further questions for Miller, and neither made mention of illness nor sought appropriate relief from the court. On the last day of trial, Caggiano-Boer's counsel conferred with her prior to informing the court that Caggiano-Boer would forego calling any rebuttal witnesses and instead closed the evidence. There can be no complaint of trial court error or abuse of discretion when the trial court is not asked to take any action nor exercise any discretion. TEX. R. APP. P. 33.1(a); *See In re*

9

*Estate of Miller*, 243 S.W.3d at 837 (citing *Wal–Mart Stores, Inc. v. McKenzie*, 997 S.W.2d 278, 280 (Tex. 1999)).

### III.    Denial of Motion for New Trial

Caggiano-Boer asserts that the trial court erred in denying her motion for new trial, which was based upon alleged newly discovered evidence, jury misconduct, and improper jury argument.  Denial of a motion for new trial is reviewed under an abuse of discretion standard.  *Waffle House, Inc. v. Williams*, 313 S.W.3d 796, 813 (Tex. 2010).

### A. Newly Discovered Evidence

Caggiano-Boer asserts the trial court erred by denying her motion for new trial on the basis of newly discovered evidence comprised of exhibits incorporating research on traffic signal operation, distance/speed calculations, and lifted trucks, as well as potential undisclosed testimony from an accident reconstruction expert and a city representative.  Caggiano-Boer's motion for new trial was verified, but her filings did not attach affidavits necessary to support the new evidence.  A motion for new trial on the grounds of newly discovered evidence must be supported by an affidavit of each missing witness, even when the motion is verified and not controverted.  *Steelman v. Rosenfeld*, 408 S.W.2d 330, 335 (Tex. App.—Dallas 1966, no writ); *see also Wol+Med Sw. Dallas Ltd. P'ship v. Dallas Cent. Appraisal Dist.,* No. 05–12–00011–CV, 2013 WL 1247053, at *1 (Tex. App.—Dallas Feb. 27,

2013, no pet.) (mem. op) (affidavit verifying truth of facts in a motion merely is a verified pleading and not competent evidence).

A party seeking a new trial on grounds of newly discovered evidence must demonstrate to the trial court that (1) admissible, relevant evidence has come to its knowledge since the trial, (2) its failure to discover the evidence sooner was not due to lack of diligence, (3) the evidence is not cumulative or to be used for impeachment, and (4) the evidence is so material it would probably produce a different result if a new trial were granted. *Waffle House*, 313 S.W.3d at 813; *Land Rover Dallas*, 2016 WL 1298392 at \*7. Caggiano-Boer did not submit an affidavit swearing to facts that demonstrate satisfaction of these factors, therefore the trial court did not abuse it discretion in denying her motion on this basis. *See Vodicka v. N. American Title Co.*, No. 05–13–00126–CV, 2014 WL 348530, at \*4 (Tex. App.—Dallas Jan. 30, 2014, no pet.) (mem. op.) (no abuse of discretion in denying new trial where appellants failed to attach affidavit swearing to facts establishing their lack of prior knowledge despite diligence and failed to prove evidence was admissible) (citing *Strong v. Strong*, 350 S.W.3d 759, 772 (Tex. App.—Dallas 2011, pet. denied) (admissible evidence must establish factors justifying new trial)). Further, Caggiano-Boer admits her additional evidence existed prior to trial. Where a party freely admits the evidence existed and could have been presented at trial, the evidence by definition does not constitute newly discovered evidence. *In re Interest*

11

*of A.D.C.*, No. 11-17-00190-CV, 2019 WL 1428630, at *5 (Tex. App.—Eastland Mar. 29, 2019, no pet.) (mem. op.); *In re Interest of J.P.*, 365 S.W.3d 833, 838 (Tex. App.—Dallas 2012, no pet.). The trial court did not abuse its discretion in denying Caggiano-Boer's motion for new trial.

### B. Jury Misconduct

Caggiano-Boer asserts entitlement to a new trial based upon alleged jury bias. To obtain a new trial based upon jury misconduct, the movant must establish that: (1) jury misconduct occurred; (2) the misconduct was material; and (3) based on the entire record, the misconduct probably resulted in injury to the movant. *See* TEX. R. CIV. P. 327(a); *In re Health Care Unlimited, Inc.,* 429 S.W.3d 600, 602 (Tex. 2014). To prevent a "fishing expedition" aimed at setting aside a jury verdict arbitrarily, a party must first demonstrate they probably will be able to prove the allegations by providing affidavits that establish the affiant's actual knowledge of misconduct rather than the movant's suspicion. *See* TEX. R. CIV. P. 327; *In re Zimmer, Inc.*, 451 S.W.3d 893, 900-901 (Tex. App.—Dallas 2014, no pet.). Caggiano-Boer failed to submit the necessary affidavits supporting her allegations of jury misconduct.

Caggiano-Boer complains that the jury did not request additional information prior to reaching a verdict, the jury did not consider "other facts or documents" that could have been available for their review, and the jury deliberated "for just a few minutes" before reaching a verdict. These allegations fail to show material

misconduct. Allowing the jury to inspect additional evidence not properly admitted at trial would violate the "outside influence rule," which *itself* could constitute jury misconduct. *See Rosell v. Central West Motor Stages, Inc.*, 89 S.W.3d 643, 661 (Tex. App.—Dallas 2002, pet. denied). A short period of jury deliberation alone is no evidence of juror misconduct. *See Sharpe v. Safway Scaffolds Co. of Houston, Inc.*, 687 S.W.2d 386, 394 (Tex. App.—Houston [14th Dist.] 1985, no writ) (short jury deliberation did not establish prejudice indicating verdict was improper). The trial court did not abuse its discretion in denying Caggiano-Boer's motion for new trial based on alleged jury bias or misconduct.

### C. Jury Argument

Caggiano-Boer asserts that Miller's attorney presented distorted and slanderous information about Caggiano-Boer to the jury, including portraying her as old, Hispanic, and someone who cannot drive. Complaints of improper jury argument generally must be preserved by timely objection and the request for an instruction that the jury disregard the improper remark. *See* TEX. R. CIV. P. 269(g); TEX. R. APP. P. 33.1; *Living Ctrs. of Texas, Inc. v. Penalver*, 256 S.W.3d 678, 680 (Tex. 2008) (per curiam). Caggiano-Boer failed to preserve these complaints.

An examination of the trial record does not reveal improper jury argument or questioning by Miller's counsel. No references to Caggiano-Boer's ethnicity were made in opening or closing arguments to the jury, and Caggiano-Boer volunteered

13

her age and ethnicity during questioning. The trial record reflects no timely objections relevant to Caggiano-Boer's appellate complaints, and Caggiano-Boer had an opportunity for direct, cross, and re-redirect examination to provide complete responses and clarify her testimony. As the record does not support Caggiano-Boer's assertion of a denial of impartial or equal justice, the trial court did not err by failing to curtail opposing counsel's argument to the jury or by denying Caggiano-Boer's motion for new trial.

## IV. Conclusion

Caggiano-Boer presents no valid basis for reversal. The trial court did not abuse its discretion in denying her motion for new trial or in admitting and excluding evidence at trial. Because there is legally and factually sufficient evidence to support the jury's findings, the trial court did not err in entering judgment on the jury verdict. Accordingly, we affirm the trial court's judgment.

/Bonnie Lee Goldstein/
BONNIE LEE GOLDSTEIN
JUSTICE

191219F.P05

14



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

LINA CAGGIANO-BOER,
Appellant

No. 05-19-01219-CV        V.

CORY SCOTT MILLER, Appellee

On Appeal from the 380th Judicial District Court, Collin County, Texas Trial Court Cause No. 380-05935-2017.
Opinion delivered by Justice Goldstein. Justices Partida-Kipness and Pedersen, III participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that each party bear its own costs of this appeal.

Judgment entered this 10th day of June 2021.

15